ROBERTS, Chief Justice.
The decrees which we here review were entered in suits to foreclose mechanics’ *107 Hens filed in the court below by Hamilton Electric, Inc., (“Hamilton” hereafter), and Willis Waldo (“Waldo” hereafter), respectively, appellants here, against the U. S. Ramie Corp. and Apopka Muck Farms, Inc. (“Apopka” hereafter). In each case, a summary final decree dismissing the ap-pellee, Apopka, as a party defendant, was entered upon its motion, and these appeals followed. The questions presented are identical, and the cases have been consolidated for the purpose of appeal.
Briefly stated, the facts are that Hamilton and Waldo each supplied labor and materials to U. S. Ramie for the construction of certain heavy machinery for use on land which, at the time, they thought was owned by U. S. Ramie. Claims of lien were timely filed, and notice thereof given to U. S. Ramie. The instant suits to foreclose such liens named Apopka as a party defendant for the reason, as stated in their bills, that Apopka “claims or is believed to claim some interest in said real property and personal property or some lien or encumbrance thereupon” and alleging that Apopka’s claim was inferior to that of the plaintiffs.
Apopka filed a motion for summary final decree, alleging that it was the owner in fee simple of the real property sought to be foreclosed upon; that the personal property sought to be subj ected to the mechanics’ liens was supplied under a contract between the plaintiffs and the defendant’s lessee (U. S. Ramie) ; and that the personal property had theretofore been sold under a judgment issued in a Distress for Rent proceedings filed by Apopka “which judgment is and was a superior lien upon the personal property brought upon the premises by the defendant, United States Ramie Corporation, in favor of its lessor, the Apopka Muck Farms, Inc.”
In support of its motion, Apopka filed the affidavit of its president, in which he stated that Apopka entered into a “contract for deed and lease” with one G. S. Rogers on October 28, 1950, covering the real property on which the personal property in question was located; that on September 24, 1951, Rogers assigned his interest in his "contract for deed and lease” to U. S. Ramie, and, at the same time, Apop-ka leased additional land to U. S. Ramie; that U. S. Ramie breached “the above mentioned lease and option to purchase agreement” and, on or about February 1, 1952, abandoned the premises, to the damage of Apopka in the amount of $16,000; that thereafter, Apopka filed Distress for Rent proceedings against U. S. Ramie and recovered a judgment for $5,000; that the personal property here involved was levied upon and sold at Sheriff’s Sale to satisfy that judgment and was bought in by Apopka; and that the original lease was entered into prior to the time that the labor was performed or the materials furnished to the U. S. Ramie Corporation by the plaintiffs.
Upon the motion of the plaintiffs to require Apopka to produce the “contract for deed and lease between Defendant and one G. S. Rogers * * * as well as any other leases, contracts, deeds, and instruments between Defendant and any other parties covering the real property upon which Plaintiff claims a lien,” Apop-ka’s president filed another affidavit, in which he stated that “he believes there was a certain written agreement entered into by and between G. S. Rogers and the Apopka Muck Farms, Inc. entitled Contract for Deed and Lease; that the same was entered into on or about October 20, 1950,” covering the real property upon which the personal property was located; that “the affiant further says he does not now have the Contract for Deed and Lease or (sic) does he know the whereabouts of the same. The affiant further says he believes that the above described instrument was entered into.” (Emphasis supplied.) He further stated that he “knows that the said G. S. Rogers took possession of the above described property on or about October, 1950, for that he, as president of the defendant corporation, received proceeds from the rental of the same.”
The plaintiffs filed counter affidavits, showing that the date of the visible commencement of operations in their improvement of the property was September 25, 1951, in the one case, and on January 25, *108 1951, in the other;' and alleging other matters relating to the perfecting of their liens.
The lower court found in each case that "the defendant’s lien is and was superior to that of the plaintiff” and entered summary final decrees in favor of Apopka, dismissing it as a party defendant to the suits.
The parties do not agree upon the question before this court. Apopka’s questions all relate to the basic question of whether a landlord’s lien for rent, Section 83.08, Florida Statutes 1953, F.S.A., will take precedence over a mechanic’s lien under the-circumstances here present. The plaintiff-appellants contend, however* that is unnecessary to decide this question, since the lower court erred in entering summary final decree in favor of Apopka on the basis of its claim of having a superior landlord’s lien, without, ever requiring Apopka to produce the “contract for deed and lease” relied upon as a basis for such claim or giving other evidence of its contents. Clearly this contention must be sustained. In its brief, Apopka states that it is not its contention that “the priority of lien question be determined under the subsequent lease dated on or about the 24th day of September, 1951. The Appellees [Apopka] set forth in their affidavits that the tenancy was created on the 28th day of October, Í950, relative to the real property upon which the personal property was situated, * $»
The relationship of Apopka and U. S. Ramie as landlord and tenant was vital to its claim of a landlord’s lien for rent, so that the terms of the contract relied upon as creating such a relationship, were required to be shown by Apopka. The statement in the affidavit of Apopka’s president that he “believes” there was a contract entered into on October 28, 1950, as quoted above, is, to say the least, a frail support for such a claim. . The fact that plaintiffs, in their counter affidavit, “failed to refute or deny any of the said material allegations upon which the Summary Final Decree was entered”, is immaterial. What difference would it have made if the plaintiffs had denied that Apopka’s president “believed” that there was such a contract? The fact remains that nowhere in the record before the lower court was there any evidence as to the terms of the “contract for deed and lease” entered into on October 28, 1950, and upon which Apopka is basing its claim for restraining the personal property of the lessee found upon the premises covered by such contract.
The statement of Apopka’s president that he “believed” there was a contract entered into on October 28, 1950, by no means established the ultimate fact that such contract created the relationship of landlord and tenant, and which ultimate fact was essential to its claim. Compare National Airlines v. Florida Equipment Co., Fla., 71 So.2d 741.
For the reasons stated, it must be held that the lower court erred in entering summary final decree dismissing Apopka as a party defendant. Accordingly, the decree appealed from should be and it is hereby reversed and the cause remanded for further proceedings.
Reversed and remanded.
THOMAS and DREW, JJ., and WISE-HEART, Associate Justice, concur.