346 So.2d 619 (1977)
Frank FREEMAN, Appellant,
v.
EQUILEASE CORPORATION, Etc., Appellee.
No. 76-768.
District Court of Appeal of Florida, Third District.
May 31, 1977.
*620 Lewis W. Miles, II, Miami, for appellant.
Smith, Mandler, Smith, Werner & Jacobowitz, Miami Beach, and Jeffrey A. Sarrow, Joe N. Unger, Miami, for appellee.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Appellant, Frank Freeman, seeks reversal of a final summary judgment entered for Equilease Corporation in this action to recover $28,366.67 due on a note executed by Transatlantic Airlines No. 2, Inc. in favor of Equilease and endorsed and guaranteed by Freeman.
Plaintiff-appellee, Equilease Corporation, filed a complaint against Frank Freeman to recover $28,366.67 due on the subject note after Transatlantic defaulted thereon. Freeman answered and raised as affirmative defenses lack of consideration and usury. He also filed a counterclaim for usury which was dismissed with leave to amend. Equilease established through discovery the execution and genuineness of the note and default and filed a motion for summary judgment. Freeman filed an affidavit in opposition to the motion alleging that the subject note was given to cover a "bonus" payment concerning the financing of an aircraft and this bonus was usurious. After a hearing, the trial court entered summary final judgment for Equilease. We affirm.
The record reflects that the subject note was valid on its face, and execution and default was admitted. Further, Freeman's counterclaim for usury was dismissed with leave to amend; but Freeman failed to file an amended counterclaim. Last, Freeman's affidavit in opposition to motion for summary judgment is insufficient since he merely alleged a conclusion of law without any supporting facts. Cf. Sherman v. Weintraub, 132 So.2d 421 (Fla.3d DCA 1961).
Affirmed.