370 So.2d 368 (1979)
Irving W. LANDERS et Ux. et al., Petitioners,
v.
Adelle L. MILTON, Respondent.
No. 53030.
Supreme Court of Florida.
April 19, 1979.
*369 Marjorie D. Gadarian, of Jones, Paine & Foster, West Palm Beach, for petitioners.
Malcolm Anderson, Law Offices of Malcolm Anderson, North Palm Beach, for respondent.
SUNDBERG, Justice.
By petition for writ of certiorari, we are asked to review a decision of the District Court of Appeal, Fourth District, reported at 349 So.2d 722, which is alleged to be in conflict with Dibble v. Jensen, 129 So.2d 162 (Fla.3d DCA 1961), that case holding that the filing of a complaint in a civil action tolls the statute of limitations without regard to the amenability of the defendant to service of process. The issue presented is whether the district court erred in reversing the circuit court's grant of summary judgment against respondent. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
On October 3, 1970, respondent Adelle L. Milton sustained injuries in an automobile accident in Lake Worth, Florida. On October 1, 1975, she filed a complaint against petitioners for damages arising from the accident. Petitioners filed an answer which included an affirmative defense of the statute of limitations, followed by a motion for summary judgment without supporting affidavits. Respondent and her husband filed opposing affidavits which alleged that after repeated unsuccessful attempts to contact petitioner Landers in 1970 and 1971, they had "assumed" that he was absent from Florida during this period. They also alleged that they had learned that Mr. Landers resided in Florida only during the winter months. The trial judge granted summary judgment for petitioners.
The District Court of Appeal, Fourth District, reversed the summary judgment, holding that a genuine issue of material fact existed concerning Mr. Landers' residency from the date of the accident to the filing of the complaint. Mr. Landers' residency was material, the court reasoned, since if at the time of the accident he was a nonresident, or if he became a nonresident after the accident or concealed his whereabouts, he would have been amenable to substituted service of process under section 48.171, Florida Statutes (1969),[1] and the *370 statutory period for filing a complaint may have expired. On the other hand, if Landers was a resident of Florida from the date of the accident to the filing of the complaint, and if he did conceal his whereabouts, his absences from the state would have tolled the statute and the limitations period may not have expired. § 95.07, Fla. Stat. (1969).[2] The court concluded that "[s]ince Landers' residential status was in doubt, [petitioners], as the movants for summary judgment, failed to adequately demonstrate the nonexistence of all genuine issues of material fact." Milton v. Landers, 349 So.2d 722, 723 (Fla.4th DCA 1977).
Petitioners contend that the district court incorrectly shifted to them the burden of proving the inapplicability of the tolling provisions of section 95.051, Florida Statutes (1977). They argue that once it appears on the face of the pleadings that the statute of limitations has expired, respondent must show that the statute was tolled in order to withstand a motion for summary judgment. For the following reasons, we agree with this contention.
A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. But once he tenders competent evidence to support his motion, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. It is not enough for the opposing party merely to assert that an issue does exist. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965); Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957); see Fla.R.Civ.P. 1.510. Concomitantly, the party seeking to escape the statute of limitations must bear the burden of proving circumstances that would toll the statute. Armstrong v. Wilcox, 57 Fla. 30, 49 So. 41 (1909); A & G Aircraft Service, Inc. v. Johnson, 192 So.2d 74 (Fla.4th DCA 1966); accord, Prather v. Neva Paperbacks, Inc., 446 F.2d 338 (5th Cir.1971).
In this case petitioners, as movants for summary judgment, sustained their initial burden by demonstrating on the face of the pleadings that the cause of action was time barred. It then became incumbent upon respondent to come forward with competent evidence revealing a genuine issue of fact. This respondent failed to do. Mr. and Mrs. Milton's affidavits, based largely on supposition, were clearly inadequate to create an issue of fact.[3] Had the affiants specifically alleged, based on personal knowledge, that Mr. Landers was a resident of Florida and had been absent from the state for certain periods from the date of the accident to the filing of the complaint, the district court would have been correct in finding that a material fact existed.[4]
*371 Accordingly, the petition for writ of certiorari is granted, the decision of the District Court of Appeal, Fourth District, is quashed, and the case is remanded to the district court with directions to remand to the trial court for proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
NOTES
[1] 48.171 Service on nonresident motor vehicle owners, etc. Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having it operated, or of permitting any motor vehicle owned, or leased, or controlled by him to be operated with his knowledge, permission, acquiescence or consent, within the state, or any resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who becomes a nonresident or conceals his whereabouts, by the acceptance or licensure and by the operation of the motor vehicle, either in person, or by or through his servants, agents, or employees, or by persons with his knowledge, acquiescence and consent within the state constitutes the secretary of state his agent for the service of process in any civil action begun in the courts of the state against such operator or owner, lessee or other person entitled to control of the motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.
[2] 95.07 Limitation, absence of defendant from state. If, when the cause of action shall accrue against a person, he is out of the state, the action may be commenced within the term herein limited after his return to the state; and if after the cause of action shall have accrued he depart from the state, the time of his absence shall not be part of the time limited for the commencement of the action.

Now codified as section 95.051(1)(a), Florida Statutes (1977):
95.051 When limitations tolled.
(1) The running of the time under any statute of limitations except ss. 95.281, 95.35, and 95.36 is tolled by:
(a) Absence from the state of the person to be sued.
[3] Fla.R.Civ.P. 1.510(e):

Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories or by further affidavits.
See Waldo v. United States Ramie Corp., 74 So.2d 106 (Fla. 1954); Freeman v. Equilease Corp., 346 So.2d 619 (Fla.3d DCA 1977); Stewart v. Gore, 314 So.2d 10 (Fla.2d DCA 1975.)
[4] Holding as we do that the district court erred in shifting to petitioners the burden of proof based on incompetent affidavits, we do not reach the issue framed by the purported conflict with Dibble v. Jensen.