In re TEXTILE INDUSTRIES CORP., Debtor.

Jeanette E. TAVORMINA, Plaintiff,

v.

FIRST PENNSYLVANIA BANK et al., Defendants.

Bankruptcy Nos. 79–01363–BKC–TCB, 80–0027–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

March 27, 1980.

Louis Phillips, Miami, Fla., for trustee.

Francis L. Carter, Robert A. Schatzman, J. V. Eskenazi, U. S. Attys., Ronald G. Neiwirth, Milledge & Hermelee, Miami, Fla., Romney C. Rogers, Fort Lauderdale, Fla., Allan N. Ross, Irwin J. Newman, Redondo Beach, Fla., Shepherd D. Johnston, Miami, Fla., Donald J. Kahn, Miami Beach, Fla., for defendants.

## ORDER WITH RESPECT TO SIX ORIZZIO KNITTING MACHINES (MILAN TEXTILE MACHINES)

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee filed a complaint to determine the validity, priority and extent of various liens on the debtor's property. (C.P. No. 1) The matter is at issue and was tried before me on March 6, 1980. By a separate order, dated March 10, 1980 (C.P. No. 66), all issues were resolved except those pertaining to the claimed lien of Milan Textile Machines, a division of Balting Industries, Inc. ("Milan") upon six Orizzio knitting machines.

Milan's counterclaim asserts that it sold and delivered the knitting machines to a third party, Fabric Industries Corporation ("Fabric") for $7,800 and retained a valid security interest securing the unpaid balance of $148,200. It denies that the debtor had and that the trustee has any right, title or interest in the property. (C.P. No. 49)

The trustee responds that Fabric is the alter ego of the debtor-corporation and, alternatively, she claims a landlord's lien against the property under § 83.08, Florida Statutes. (C.P. No. 56)

The facts are relatively undisputed. An involuntary petition under chapter 11 was filed against this debtor on November 14, 1979. Under 11 U.S.C. § 1108, the debtor continued to operate its business, making material from thread, at 16300 N.W. 13th Avenue, Miami. The premises had been leased since March 29, 1978. During November (it is not clear whether before or after the petition) a second corporation, Fabric Industries Corporation, began production at the same location. Fabric engaged in the same line of business as the debtor and utilized some of the same employees. It is owned and controlled by the same principal.

On December 7, 1979 Milan entered into an installment contract to sell six knitting machines to Fabric. The machines were delivered to the premises identified above. The contract was negotiated at the premises with the principal by Milan's agent who had no previous contact with the debtor. On December 17, 1979, Milan entered into a security agreement with Fabric for the unpaid balance of the purchase price, but did not perfect its lien until January 23, 1980. An order for relief was entered December 18, 1979. A trustee was appointed on January 14, 1980.

The trustee's first contention, that Fabric was the debtor's alter ego, and therefore the six knitting machines are the debtor's property.

In Florida, the following rule governs the lifting of the corporate veil:

"Florida applies a rule that the separate identities of two or more corporations will be disregarded on a showing that one corporation is a 'mere instrumentality' of the other . . . and that the corporation is a device or sham to mislead creditors or exists for fraudulent purposes." *Bendix Home Systems, Inc. v. Hurston Enterprises*, 5 Cir. 1978, 566 F.2d 1039, 1041.

Although one might well suspect the existence of both possibilities here, the trustee has established neither.

Furthermore, the corporate veil will not be pierced at the expense of an innocent third party:

"Here, innocent third parties dealt with each individual corporation in reliance upon . . . the distinctive corporate identity . . . Here, therefore, to disregard these distinctive corporate identities would work the very injustice the principle is intended to avoid." *Fidelity and Deposit Company of Maryland v. Usaform Hail Pool, Inc.*, 5 Cir. 1975, 523 F.2d 744, 758.

There is no basis to disregard the corporate identity of Fabric Industries in this matter.

Turning to the trustee's assertion of the landlord's statutory lien, § 83.08 Florida Statutes, there is no provision of the Code which vests in the Trustee the lien rights of the debtor's landlord. Cf. 11 U.S.C. §§ 544, 545. The Florida lien for landlords is applicable to a sub-lease. Section 83.08(2). The trustee asks me to impose that lien for the period after bankruptcy. However, it is the trustee's burden to prove the relationship of landlord and tenant. It cannot be presumed. *Waldo v. United States Ramie Corp.*, Fla.1954, 74 So.2d 106. There is no evidence of any such relationship and, therefore, no applicability of the landlord's lien in this instance. The trustee has no right, title nor interest in the six Orizzio knitting machines in question. Costs, if any, will be taxed on motion.