431 So.2d 1043 (1983)
ROYAL TRUST BANK OF ORLANDO, Appellant,
v.
ALL FLORIDA FLEETS, INC., Appellee.
No. 82-864.
District Court of Appeal of Florida, Fifth District.
May 26, 1983.
*1044 Paul H. Bowen of Swann & Haddock, P.A., Orlando, for appellant.
Richard H. Bergman of Bergman & Jacobs, P.A., North Miami Beach, for appellee.
COWART, Judge.
This case relates to the liability of a depositary bank for failure to timely notify a customer that a check deposited by the customer had been dishonored.
On August 30, 1979, appellee, a customer, deposited for collection a check with appellant bank. On November 27, 1979, the bank notified the customer that the check had been dishonored. The customer recovered a portion of the indebtedness represented by the check and sued the bank for the balance claiming that the bank breached its duty[1] to timely notify the customer of the dishonor. Both parties moved for summary judgment. The trial court entered summary judgment for the customer and against the bank in the amount of the difference between the face amount of the check and the amount the customer had recovered from those liable on the check. The bank appeals.
On the issue as to whether the bank seasonably notified its customer of the dishonor the evidence was in dispute. Before the trial court at the hearing on the motion for summary judgment was the deposition testimony of an officer of the bank that the bank did not receive notification of the dishonor from the Federal Reserve Bank in Jacksonville, Florida, until November 27, 1979. If this is correct the notice of dishonor given by the bank to the customer was timely because such a notice is seasonable if it is given to the customer by midnight of the next banking day following the banking day on which the depositary bank *1045 itself received notice of the dishonor.[2] On the other hand plaintiff's exhibit 4 is a notification of returned cash items from the Federal Reserve Bank in Jacksonville to the depositary bank dated November 16, 1979, which is claimed to include the item in question. This exhibit does not establish when it was in fact sent by the Federal Reserve Bank or, what is more relevant, when it was received by the depositary bank. This exhibit does, however, constitute some evidence from which it could be reasonably inferred that the depositary bank received notice of the dishonored check sufficiently before November 27, 1979, that its notice to the customer on that date was not timely. This exhibit does not constitute such conclusive evidence of the date the depositary bank received notice from the Federal Reserve Bank of the dishonor as to overcome the testimony of the bank officer and as to establish the absence of a genuine issue as to this material fact as is necessary to support a summary judgment under Landers v. Milton, 370 So.2d 368 (Fla. 1979). There is other conflicting evidence both ways. Plaintiff's exhibit 5 is a communication from the depositary bank to the Federal Reserve Bank of Jacksonville which also indicates that the bank first received notification of the dishonor on November 27, 1979, by a telephone call from the Federal Reserve Bank. Again, to the contrary, plaintiff's exhibit 6 is a copy of a letter from the drawee bank to the Federal Reserve Bank in Atlanta which implies that this dishonored check was received for the second time by the drawee bank on November 23, 1979, and returned for the second time to the Federal Reserve Bank on November 24, 1979. Of course this letter implies that the dishonored check had already once been sent to the depositary bank as a dishonored item and had been reprocessed for collection through the drawee bank for the second time four or five days before the depositary bank acknowledges first notice of the dishonor. These matters all indicate a genuine issue as to this material fact and therefore summary judgment should not have been entered against the depositary bank on the issue of liability.
There is a second issue of fact which also precluded summary judgment for the customer. The customer is not entitled to recover the damages allowed by the summary judgment as a matter of law. Apparently the check in question was given as consideration for the purchase of automobiles and, after the check was originally deposited, the car titles and automobiles were not delivered for seven days on the belief that if the check was dishonored notice would have been given within that time. Therefore, the customer was primarily damaged because notice of the dishonor was not given within those first seven days. Notwithstanding the dishonor, and because of it, the drawer of the check was primarily liable to the customer for the amount of the check. After learning of the dishonor the customer had the duty to use ordinary and reasonable care to recover from the drawer. In fact here the customer did recover a sizable sum amounting to two-thirds of the face amount of the check. If the depositary bank was negligent in notifying the customer of the dishonor after learning of it the bank is liable only for the inability of the customer to recover the full amount of the check from the drawer that was proximately caused by the negligent delay of the bank in notifying the customer. Thus the matter of damages is replete with questions of material fact that were not conclusively negatived by the customer's evidence before the trial court at the hearing on summary judgment. Among the factual matters relating to damages are (1) evidence as to what efforts were actually made by the customer to recover from those liable on the check after the customer learned of the dishonor on November 27, 1979 (2) whether the customer's actual collection efforts were all that were required as reasonable and timely efforts to collect on the dishonored check under the circumstances; (3) proof demonstrating how the failure of the bank to notify the customer of the default between midnight on the banking day after *1046 the banking day on which the depositary bank did in fact first learn of the dishonor, and November 27, 1979, proximately caused the customer to be unable to recover the full amount of the check from the drawer and (4) how much of the deficiency in recovery was attributable to the bank's negligent delay in notifying the customer and how much to other possible factors.
The summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ORFINGER, C.J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] §§ 674.202(1)(a), 674.212(1), Fla. Stat. (1981).
[2] §§ 674.104(1)(h), 674.202(2), Fla. Stat. (1981).