SCHOONOVER, Judge,
dissenting.
I respectfully dissent. The defendant met his burden of demonstrating the absence of a material fact from which a jury could infer negligence. The burden then shifted to the plaintiffs to come forward with counter-evidence sufficient to reveal a genuine issue of fact, a burden they did not meet. It is not enough for the opposing party merely to assert that an issue exists. Landers v. Milton, 370 So.2d 368 (Fla.1979).
The mere fact that the defendant’s horses were running at large on the highway, and the gate to the defendant’s pasture was open, did not justify an inference that the defendant negligently permitted his livestock to stray on the public road. Lee. The defendant, through his pleadings, dep *590 osition, and answers to interrogatories, denied that he was negligent in failing to properly pen his horses. He stated that he had provided a pasture with adequate fencing and a proper gate. His horses had never before escaped from that pasture. The defendant latched the gate on the night of the accident and explained that had it not been secured, the gate would have swung inward. In describing the gate’s latching mechanism, the defendant stated that it was difficult to put the chain on and off the nail when the gate was in position. The nail had been intentionally bent to make it possible to get the chain over it, and it remained difficult to stretch the chain over the nail even after the nail had been bent.
There was nothing offered on the plaintiffs behalf to contradict or impeach the defendant’s evidence. There was no evidence that the latching mechanism could be operated by something other than human hands and fingers. There was no evidence that the chain was loose, let alone so loose that a horse could brush it over the head of the nail. The inference that the chain, which had to be pulled taut in order to latch it over the end of the nail, and even then only with difficulty, could be unlatched from the nail by a horse brushing up against it, is not a reasonable inference. I, accordingly, would affirm.