COBB, Chief Judge.
This case concerns title to a 15-foot wide bridle path lying between Conestoga Boulevard (a dedicated road) and the eastern boundary of appellant’s property, which is also the western boundary of the properties of appellees. Vital to the resolution of the case is the interpretation of the plat of Golden Hills Turf & Country Club Subdivision. Appellant claims that the plat shows that the bridle path was separate from the dedicated road and reserved title to the appellant. The appellees claim that the plat shows that the bridle path is part of the dedicated road and thus subject to a public easement, which would allow them access from their properties to Conestoga Boulevard.
Both appellant and appellees moved for summary judgment. In support of their motion, the appellees submitted numerous affidavits from the engineers and draftsmen who designed the subdivision and plat, stating that the bridle path was meant to be part of the dedicated road. The appellant submitted no other evidence aside from the plat, contending that it was unambiguous. The lower court found the plat to be ambiguous and granted summary judgment in favor of the appellees.
The Florida Supreme Court case of Landers v. Milton, 370 So.2d 368 (Fla.1979), is applicable to the case at bar. Landers held:
A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. But once he tenders competent evidence to support his motion, the op *255 posing party must come forward with counterevidence sufficient to reveal a genuine issue. It is not enough for the opposing party merely to assert that an issue does exist. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla.1965); Farrey v. Bettendorf, 96 So.2d 889 (Fla.1957); see Fla.R.Civ.P. 1.510.
Id. at 370. In the present case the plat was obviously ambiguous. The appellees met their initial burden by demonstrating that the plat should be read to mean that the bridle path was part of the dedicated right-of-way. Thus, the burden shifted to the appellant to come forth with counterevi-dence sufficient to reveal a genuine issue of disputed fact. This was not done by the appellant, and thus the trial court properly granted summary judgment.
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., and LEE, R.E., Associate Judge, concur.