GARRETT, Judge.
In April of 1981, appellant, Roschman Properties, Inc., and Eastwood Park, Inc., (Eastwood) entered into an agreement for the purchase and sale of land. At the same time, they signed an option agreement contract, giving the optionee, Eastwood, the right to purchase four adjacent parcels within six years.
The purchase and sale agreement provided:
*317 10. Neither this Agreement nor any memorandum hereof shall be recorded in any public records and, if so recorded, such recordation shall, at the option of Seller, constitute a default by Purchaser entitling Seller to receive the Deposit hereinbefore set forth as agreed upon and liquidated damages and to have any such recorded memorandum hereof or this Agreement expunged from the public records where same were recorded all at the cost and expense of Purchaser which cost and expense shall include, but not be limited to, reasonable attorney’s fees incurred by Seller for the services of his attorneys through and including all appeals.
The option agreement provided:
8. At such time as the Closing pursuant to the Other Contract [Agreement for Purchase and Sale] has taken place and Optionor (as Seller) has received the full purchase price pursuant to the Other Contract then, and in such event occurring, simultaneously the Optionor and Optionee shall execute a Memorandum of Option and record same amongst the Public Records of Martin, Florida.
10. Paragraphs 9, 11, 12, 13 and 14 of the Other Contract are hereby incorporated herein by reference as if fully set forth herein full and, except as aforesaid with respect to the Memorandum of Option, Paragraph 10 of the Other Contract is incorporated herein by reference as if fully set forth herein in full, provided that in all instances references to Seller shall be deemed references to Optionor and references as to Purchaser shall be deemed references to Optionee.
The option was assigned several times. The appellee, S.K. Partners, and others are the current optionees.
In January of 1986, the appellees recorded the option agreement. In March of 1987, the appellants learned of the rec-ordation and by letter to the appellees terminated the option. In April of 1987, the appellees attempted to exercise the option. The appellants refused and the appellees sued for, among other things, specific performance of the option agreement.
Partial summary judgment was entered in favor of the appellees ordering the appellants to perform the option agreement. The appellants appeal.
We reverse. We find the existence of a genuine issue of material fact.
Paragraph 10 of the purchase and sale agreement prohibits any recordation. Paragraph 8 of the option agreement dictates that a memorandum of the option shall be recorded. Paragraph 10 of the option agreement incorporates Paragraph 10 of the purchase and sale agreement “except as aforesaid with respect to the Memorandum of Option.”
The overall effect of the noted intertwined paragraphs is ambiguous. Testimony from the parties will be necessary to determine the intended impact of such paragraphs. A full evidentiary hearing is necessary to establish the intent of the parties. The hearing on the motion for summary judgment was not the appropriate forum to resolve this factual issue. Landers v. Milton, 370 So.2d 368 (Fla.1979).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
ANSTEAD and LETTS, JJ., concur.