737 So.2d 1192 (1999)
Eugene KOLNICK, Appellant,
v.
FOUNTAINVIEW ASSOCIATION, INC. # 2, a condominium, Appellee.
No. 98-3419.
District Court of Appeal of Florida, Third District.
July 21, 1999.
Sidney L. Syna, Miami, for appellant.
Anthony J. Russo, Tampa, and Kimberly D. Nolen, for appellee.
Before GODERICH, SHEVIN and SORONDO, JJ.
PER CURIAM.
Eugene Kolnick appeals from the lower court's final summary judgment in favor of Fountainview Association, Inc. # 2 (Fountainview), finding that his claim is barred by the statute of limitations. We affirm.
On August 25, 1997, Kolnick filed a personal injury action against Fountainview, alleging negligence for its failure to maintain the roof of the building, resulting in water intrusion in his apartment that caused mold and mildew growth, which caused him personal injury. The complaint alleged that on or about August 26, 1993, Kolnick awoke with difficulty breathing, saw a doctor and subsequently learned that he suffered allergic reactions to bacterial growths found in the apartment ceiling and dry wall.
During discovery, Kolnick revealed that he had written a letter to the director of the HRS Dade County Health Department on August 17, 1993, stating:
I am writing this letter to request an inspection and report on the above condo for mildew and mold within the walls and ceiling which has or may effect [sic] my health.

*1193 The association is aware of the continuing water leakage in [the] above condo apartment due to the need to replace the roof.
Your immediate response will be most welcome.
Thereafter, Kolnick gave a discovery deposition, wherein he initially testified, in pertinent part:
Q. Did there ever come a time after the leaks started in unit 303 that you started to feel ill?
A. I never had a sick day. I can't really ever recall till that one morning I woke up and I couldn't get out of bed.
Q. What morning was that?
A. August 26th, 1993.
Q. And why couldn't you get out of bed that day?
. . .
A. Just felt sick. My head wasfelt like it was going to explode. My chest was tight.
. . .
Q. Sir, was there a single day before August 26th, 1993 at which time you suspected that the conditions within your apartment were making you ill?

. . .
A. Not any particular single day, no.
Q. Were there any days after the hurricane but before August 26th, 1993 that you could not get out of bed because of a head stuffiness and chest tightness?
A. No.
However, later in the deposition Kolnick was asked to read his letter to the health department, and he then testified as follows:
Q. Sir, were you, in fact, already suffering from some health effects as of August 17, 1993?
A. Probably. Maybe. Not knowing how severe.
Q. In reading this letter, does it seem to you, from the way you wrote it and from the words you used, that you were feeling poorly by August 17, 1993?
A. Yes.
Q. And that you attributed that feelingthat sick feeling to the mold and mildew within the walls and ceiling of your apartment?
A. Yes.
Based on this deposition testimony, Fountainview moved for summary judgment, arguing that the statute of limitations had expired. Kolnick filed an affidavit in opposition to the motion, averring that while he may have suffered some health effects on August 17, 1993, he did not realize this until August 26, 1993, and was not aware of the causal effect of the mildew and mold on August 17, 1993.
After hearing arguments of counsel, the trial court granted Fountainview's motion and entered final judgment in its favor on the basis of the statute of limitations, section 95.11(3)(a), Florida Statutes (1993). The trial court found that there was clear and convincing evidence that Kolnick knew on or before August 17, 1993 that his injuries resulted from the wrongful act or negligence of Defendant Fountainview. We agree.
In Carter v. Cross, 373 So.2d 81 (Fla. 3d DCA 1979), this Court held that an action for personal injury accrues and the statute of limitation begins to run against the injured party from the time the injury was first inflicted, not from the time the full extent of such injuries has been ascertained. See id. at 82 (citing Seaboard Air Line R.R. Co. v. Ford, 92 So.2d 160, 164 (Fla.1955)). The fact that the full extent or "severity" of Kolnick's illness was not allegedly discovered by Kolnick until August 26, 1993, when he felt as though he could not get out of bed, went to a doctor, and received a diagnosis concerning his allergies, does not change this result. See id. at 83.
On appeal, Kolnick contends that the trial court erred in granting summary judgment because it was reasonable to infer from his letter and his deposition testimony that he did not actually know on *1194 August 17, 1993 that the mold and mildew within the walls were causing him injury. When summary judgment is sought based upon a statute of limitations, after the moving party tenders competent evidence to support the motion, "the opposing party must come forward with counter evidence sufficient to reveal a genuine issue." Landers v. Milton, 370 So.2d 368, 370 (Fla. 1979). We agree with the trial court that Kolnick did not satisfy this burden.
In this case, Kolnick's association of his symptoms with the mold and mildew in his apartment was established both by the letter to the health department on August 17, 1993 and by his subsequent deposition testimony that he suffered from some health effects as of August 17th. It is simply not logical or reasonable to infer to the contrary that he was unaware of an adverse effect upon his health from the use of the phrase "or may effect my health" in the letter, where the express purpose of this correspondence was to get the health department to inspect the conditions in the apartment.
Accordingly, the final summary judgment is affirmed.