TAYLOR, J.
Appellant Edith Nowicki, as personal representative of the Estate of John E. Nowicki, III, appeals from an order granting summary judgment in favor of appel-lee, Cessna Aircraft Company. The trial court ruled that the lawsuit was barred by the eighteen-year statute of repose for lawsuits against general aviation aircraft manufacturers provided in the General Aviation Revitalization Act of 1994 (GARA). 49 U.S.C. § 40101. We agree and affirm the order for the reasons stated below.
On June 26, 2008, a twin-engine Cessna Model 414 aircraft ran out of fuel during flight and crashed near North Fort Myers, Florida. Two passengers died: one was John E. Nowicki, III. The pilot, Jonathon Lace, survived. Although it is undisputed that the airplane crashed because it did not have enough fuel, appellant maintained that Nowicki’s death was caused by a defective rear passenger seat, which detached from the rails and caused Nowicki to violently strike his head inside the airplane on or before impact.
Appellant filed a five-count complaint asserting claims against Cessna for strict liability and negligence in manufacturing a defective passenger seat system in the Model 414 aircraft. Cessna moved to dismiss the action. The motion alleged that Cessna manufactured and delivered the Model 414 to its first owner in 1970, and that because the crash occurred thirty-three years after Cessna delivered the aircraft, the suit was barred by the eighteen-year statute of repose in GARA. Alternatively, Cessna asserted that the suit was barred by Florida’s 12-year statute of repose, § 95.031 (2)(b), Florida Statutes (2003).
After completing discovery on its GARA defense, Cessna moved for summary judgment. Cessna contended that appellant failed to establish any of GARA’s exceptions to the eighteen-year limitation period and, alternatively, that appellant’s action was barred by Florida’s twelve-year statute of repose. Two years later, after additional discovery, appellant filed her response in opposition to Cessna’s motion for summary judgment. She alleged that despite the eighteen-year time-bar under GARA, her suit should be allowed to proceed because it fell within GARA’s limited “fraud” exception.
The trial court conducted a hearing on Cessna’s motion for summary judgment and found that on the face of the pleadings, GARA barred appellant’s action. The court noted that appellant’s “fraud” exception claim was based upon GARA, section 2(b)(1), which provides that the statute of repose does not apply
if the claimant pleads with specificity the facts necessary to prove, and proves, that the manufacturer with respect to a type certificate or airworthiness certificate for, or obligations with respect to continuing airworthiness of, an aircraft or a component, system, subassembly, or *408 other part of an aircraft knowingly misrepresented to the Federal Aviation Administration, or concealed or withheld from the Federal Aviation Administration, required information that is material and relevant to the performance or the maintenance or operation of such aircraft, or the component, system, su-bassembly, or other part, that is causally related to the harm which the claimant allegedly suffered.
The court determined, in short, that appellant had to show: (1) that the manufacturer knowingly misrepresented, concealed or withheld material and relevant information, (2) that the manufacturer was required to give such information to the Federal Aviation Administration (FAA), and (3) that the information was causally related to the harm suffered.
To support her fraud exception to the statute of repose, appellant alleged that Cessna concealed or withheld from the FAA the fact that the Model 414 aircraft contained the passenger seat assembly (with seat rail and locking mechanism) that was the subject of an FAA airworthiness directive (AD). The trial court found, however, that appellant failed to plead facts with specificity and that the facts contained in the record did not prove or infer that Cessna knowingly misrepresented, concealed or withheld, required information from the FAA concerning the Cessna 414 aircraft. Summarizing the relevant record evidence, the court stated:
The record reflects that the airworthiness directive addressed Cessna single and twin engine airplanes requiring the inspection, maintenance and possible replacement of parts of seat rails and seat assemblies due to reports of cracking and wear in the seat rails which could prevent possible engagement of the seat locking pins. The purpose was to preclude seat slippage and possible loss of the airplane. The directive was due to accidents or incidents in which slippage of the pilot seat was considered contributory to accidents or incidents. The airworthiness directive in question provided certain maintenance and inspection requirements to assure proper engagement of the seat locking mechanism and to preclude inadvertent seat slippage on each pilot and co-pilot seat and all associated seat rails.
The explicit designation of the pilot and co-pilot seats as opposed to all seats makes it clear that the airworthiness directive refers exclusively to the pilot and co-pilot seats. Mr. Nowicki was seated in a passenger seat. It was not necessary for Cessna to notify the FAA concerning passenger seats. In addition, the pilot and co-pilot seats in the aircraft in which he was a passenger were not subject to this airworthiness directive because they were a different seat design. There are no other airworthiness directives that are pertinent.
The record evidence further shows: The FAA’s final rule action leading up to the amendment of the Federal Aviation Regulations in this regard calls for inspections of certain seat rails and seat assemblies to prevent accidents or incidents in which slippage of the pilot seat was considered contributory. In the record are numerous reports relevant to the airworthiness directive describing incidents of seat slip, disengagement, derailment, moving, et cetera. These indicate instances where the pilot seats would slip, for example during takeoff causing a loss of control and other times reports of pins not entering into the rails far enough on co-pilot seats or pilot seats. For example, it was reported between 1970 and 1979 that Cessna aircraft were involved in twenty accidents in which slippage of the pilot seat during *409 takeoff or landing was determined to have been a causal element of an incident or accident. A Cessna service bulletin on this matter titled “Pilot Seat Secondary Stop Installation” was circulated to provide for the installation of a secondary seat stop on the pilot seat.
Essentially, the trial court found that appellant’s sole reliance on the FAA airworthiness directive (AD) to support her GARA fraud exception was unavailing because the AD addressed the “seat slippage” concern only as it presented an unsafe condition in crew seats — not in passenger seats. In its order granting summary judgment, the court highlighted the deposition testimony of the plaintiffs expert, William H. Muzzy III, that he was unaware of any regulation or other mandate which required Cessna to provide the FAA -with information concerning the Model 414’s passenger seat system. Accordingly, the trial court found that appellant failed to demonstrate the existence of a genuine issue of material fact in support of her GARA “fraud” exception claim. The court further held that because GARA’s eighteen-year statute of repose barred appellant’s claim, it did not need to decide whether Florida’s shorter, twelve-year statute of repose also barred her action.
On appeal, appellant first argues that the trial court used the wrong standard in granting Cessna’s motion for summary judgment. Appellant contends that Cessna bore the burden of conclusively proving that, as a matter of law, the knowing misrepresentation, concealment, or withholding of information exception to GARA’s statute of repose did not apply. The trial court, appellant argues, improperly placed the burden of proving the applicability of the GARA fraud exception on her, instead of Cessna; because Cessna never met its initial burden of proof, summary judgment was improper.
Florida Rule of Civil Procedure 1.510 places the burden of proof at summary judgment on the movant, regardless of who has the burden at trial. See Kobel v. Schlosser, 614 So.2d 6, 7 (Fla. 4th DCA 1993). Appellant argues that because this was Cessna’s motion for summary judgment, it bore the burden of conclusively proving a negative, i.e., that there was no genuine issue of material fact and it was entitled to judgment as a matter of law. Cessna counters that because appellant’s claims were presumptively time-barred under GARA, it was incumbent upon appellant to show why her claims fit into GARA’s limited exceptions. Citing Landers v. Milton, 370 So.2d 368 (Fla.1979), Cessna argues that as the moving party, it met its initial burden by demonstrating on the face of the pleadings that appellant’s cause of action was barred by GARA’s statute of repose, and therefore the trial court properly shifted the burden of proof to appellant.
In Landers, the supreme court held that where a party moves for summary judgment based upon the statute of limitations, the party must sustain its initial burden by demonstrating that, on the face of the pleadings, the cause of action is time-barred. 370 So.2d at 370. After the moving party demonstrates that defendant cannot prevail because the suit was barred by the statute of limitations, it becomes “incumbent upon respondent to come forward with competent evidence revealing a genuine issue of fact.” Id. The first district applied this same order-of-proof principle in Cassoutt v. Cessna Aircraft Co., 660 So.2d 277, 281 (Fla. 1st DCA 1995). Quoting Landers, the court stated that “the party seeking to escape the statute of limitations must bear the burden of proving circumstances that would toll the statute.” Id. at 280.
*410 Appellant, however, distinguishes these cases, pointing out that, unlike here, the plaintiff in Landers had not raised an exception to the statute of limitations as an avoidance or defense prior to summary judgment. Thus, in Landers, the plaintiff had not raised an issue the moving party had to conclusively rebut in order to establish his right to summary judgment. In contrast, appellant here raised such a defense to the GARA statute of repose; Cessna could not establish the claim was time-barred, for summary judgment purposes, until it established the GARA exception was inapplicable. Although the record indicates that, as a procedural matter, the trial court improperly placed the burden on appellant, Cessna nonetheless established for summary judgment purposes that the GARA fraud exception was inapplicable.
Appellant next argues that Cessna’s intentional misrepresentations, concealment, or withholding of material information from the FAA created a genuine issue of material fact which the trial court failed to consider, despite the fact that her complaint stated with sufficient specificity the elements of the GARA fraud exception. Appellant contends that the record reflects that Cessna’s actions fit within the GARA fraud exception because it knowingly misrepresented, concealed, or withheld required information from the FAA concerning the seat attachment system used for the Model 414 aircraft’s passenger seats.
In particular, appellant argues that Cessna had an affirmative duty to report to the FAA that the design of the Model 414’s seat attachment system created airworthiness problems for three reasons: (1) Cessna manufactured the Model 414 under a Delegation Option Authorization (DOA) which was approved by the FAA and imposed a duty upon Cessna to report matters impacting the airplane’s continuing airworthiness regarding the plane’s parts or systems; (2) based upon the FAA’s 1987 AD, which identified an unsafe condition caused by the seat attachment system, Cessna had a duty to inform the FAA about its aircraft’s similar designs for passenger seats, and (3) Cessna was obligated to respond to FAA inquiries and correct information as a result of an incident involving a failed passenger seat on Cessna’s Model 340 aircraft.
Cessna responds that appellant failed to point to a single example of “required information” that it misrepresented, concealed, or withheld to the FAA. The term “required information,” Cessna argues, means information that it had an affirmative obligation to report to the FAA, based on a statute, regulation, or FAA inquiry. See Cartman v. Textron Lycoming Reciprocating Engine Div., No. 94-CV-72582-DT, 1996 WL 316575, at *3 (E.D.Mich. Feb.27, 1996). According to Cessna, neither the DOA nor the AD required Cessna to provide the FAA with information concerning its Model 414 passenger seat restraint system. Further, appellant failed to cite any statute or regulation to support her position that Cessna violated a reporting requirement. Cessna also argues that, even if appellant could have demonstrated that Cessna withheld required information, it would still have been entitled to summary judgment because appellant failed to prove that the harm to Nowicki was causally related to the seat-slippage issued addressed by the Pilot’s Seat AD. To fall within GARA’s limited “fraud” exception, appellant must also establish that the harm suffered was causally related to such required information. See GARA, § 2(b)(1); Robinson v. Hartzell Propeller Inc., 326 F.Supp.2d 631, 647 (E.D.Penn.2004).
Based upon our review of the record, we conclude that Cessna met its burden to show that no genuine issue of material *411 fact existed on whether it knowingly misrepresented, concealed, or withheld required information from the FAA concerning Cessna’s 414 aircraft’s passenger seats. Accordingly, we affirm the trial court’s order granting Cessna’s motion for summary judgment.

Affirmed.

GERBER, J., and PEGG, ROBERT L., Associate Judge, concur.