NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DICK FURLONG,                                          )
                                                      )
            Appellant,                                )
                                                      )
v.                                                    )          Case No. 2D14-1229
                                                      )
SURF CONSULTANTS, INC., as                            )
successor in interest to Chase Bank                   )
USA N.A.-First USA Bank NA Card,                      )
                                                      )
            Appellee.                                 )
                                                      )

Opinion filed August 7, 2015.

Appeal from the Circuit Court for
Hillsborough County; James D. Arnold,
Judge.

Dick Furlong, pro se.

Stacey S. Fisher of Sprechman & Fisher,
P.A., Miami, for Appellee.


ALTENBERND, Judge.

            Dick Furlong appeals a final summary judgment entered against him in an

action brought by Surf Consultants, Inc., to collect amounts allegedly owed by Mr.

Furlong on a credit card account with Chase Bank USA N.A.-First USA Bank NA Card.

Surf allegedly owns Mr. Furlong's credit card account.  We reverse because genuine

issues of material fact remain that preclude summary judgment.  See Burt v. Hudson & Keyse, LLC, 138 So. 3d 1193 (Fla. 5th DCA 2014).

The complaint, which was filed in 2012, alleges that Mr. Furlong owes "$15,087.86 that is due with interest since June 15, 2009."  Attached to the complaint are a series of billing statements from Chase, beginning with the statement for January 2009 and ending with the statement for January 2010.  These statements reflect a few credit card transactions, but most of the activity appears to be small payments on the account and interest and fees charged by Chase.  The January 2009 statement begins with a "previous balance" of more than $13,000.  There is nothing in the record to explain the basis for this outstanding balance.[1]

Surf sent Mr. Furlong a "Request for Admissions" that certified service by mail to Mr. Furlong on November 27, 2012, which requested that Mr. Furlong admit the genuineness and truth of the requests within thirty-five days.  It is undisputed that Mr. Furlong, appearing pro se, answered Surf's request for admissions.  Mr. Furlong denied nine of the twenty requests, including requests to admit that "[c]harges were incurred on your account in the sum of $15,087.86 which remain unpaid" and that he owes "to [Surf] the amount demanded in the Complaint filed herein."  Mr. Furlong denied that "[p]rior to the initiation of the lawsuit, you received notification from [Surf] that [Surf] is now the owner of this account."  Mr. Furlong also denied that he or his "authorized representative received copies of the exhibits attached to the Complaint filed in this

---

[1]Although Surf filed in the trial court record a few additional billing statements from Chase to Mr. Furlong, those other billing statements also begin with previous balances in excess of $13,000, and most of the activity in those statements appears to be small payments on the account and interest and fees charged by Chase.

action, shortly after the dates on the same," and additionally explained that he "was living outside of the United States from October 18, 2006 until June 17, 2011."

Attached to the copy of the answers to the request for admissions is a certificate of service by Mr. Furlong, indicating that the answers were mailed to the clerk of the circuit court and to Sprechman & Associates, P.A., the law firm representing Surf, on December 28, 2012—this was thirty-one days from the date Surf's attorney certified as the mailing date for Surf's request for admissions. Surf filed a motion to strike Mr. Furlong's answers as untimely, arguing that the answers had to be stricken and "the matters deemed admitted." Surf claimed that it had served its request for admissions on November 21, 2012, even though its attorney's certificate of service indicated service on November 27, 2012. Mr. Furlong filed a response to Surf's motion to strike, in which he explained, in part, that his answers to Surf's request were submitted within thirty-five days of the request by Surf. Surf never obtained a ruling on that motion and from this record it appears that the answers were timely served. See Fla. R. Jud. Admin. 2.514(b) (extending a deadline computed pursuant to rule 2.514(a) by five days when an act must be undertaken following service by mail or email); see also Cassas v. Lazan, 488 So. 2d 671 (Fla. 4th DCA 1986) (applying the predecessor to rule 2.514(b), i.e., Florida Rule of Civil Procedure 1.090(e), to the rule governing requests for admissions, i.e., rule 1.370).

The record contains a request for production from Mr. Furlong in December 2012 requesting "[a] complete list of the dates, descriptions, and amounts for each charge, credit, or payment from the last date there was a zero balance on the

account of Dick Furlong until 06/15/08." Surf objected to this request and did not produce the documents.

Surf filed a motion for summary judgment supported by an affidavit from its president, Steven B. Sprechman, who apparently is also an attorney in the firm representing Surf. The affidavit claims that Mr. Furlong owes $15,087.86 "based upon an examination of the books and records of the plaintiff." We do not know what records belonging to Surf were examined by Mr. Sprechman, but nothing in the record on appeal supports the claim that Mr. Furlong had a valid account stated in that amount in January 2009. Mr. Furlong filed an affidavit in opposition to Surf's motion for summary judgment, in which he averred, in part, that "[n]either the Complaint and Exhibits filed by [Surf], nor the Affidavit filed in support of [Surf's] Motion for Final Summary Judgment evidentially establish an unpaid balance due and owing by [Mr. Furlong] to [Surf]."[2]

Surf failed to prove conclusively the amount in dispute. Simply stated, Surf failed to establish that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law in this case. See, e.g., Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). Accordingly, we reverse the final summary judgment.

Reversed and remanded.

CASANUEVA and KHOUZAM, JJ., Concur.

---

[2]We note that although the complaint and Mr. Sprechman's affidavit maintain that Surf now owns the rights to this Chase account, no assignment or other document in this record demonstrates Surf's standing to maintain an action on this account.