NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DENNIS FONTE and HOP-HEDZ, INC.,    )
    )
    Appellants,    )
    )
v.    )    Case No. 2D16-1411
    )
AMERICAN EXPRESS BANK, FSB,    )
    )
    Appellee.    )
    )

Opinion filed May 17, 2017.

Appeal from the Circuit Court for
Hillsborough County; William P. Levens and
Paul L. Huey, Judges.

W. Bart Meacham, Tampa, for Appellants.

No appearance for Appellee.


BLACK, Judge.

Dennis Fonte and Hop-Hedz, Inc., appeal the final summary judgment

entered in favor of American Express Bank, FSB, on American Express's action to

collect on a business credit card account. Because genuine issues of material fact

remain in dispute, we reverse the summary judgment.

American Express filed a complaint against Mr. Fonte and Hop-Hedz

seeking to recover a debt in the amount of $84,712.60. In the complaint, American

Express alleged that Mr. Fonte and Hop-Hedz were responsible for paying all amounts charged to the credit card account at issue. An unsigned Business Platinum Card Agreement was attached to the complaint. Also attached to and referenced in the complaint was a statement from American Express addressed to Mr. Fonte and Hop-Hedz identifying the account balance through September 21, 2009, as $84,712.60. In their answer, Mr. Fonte and Hop-Hedz denied that they were responsible for all charges on the account and denied that they owed the debt.

American Express moved for summary judgment and, in support of its motion, filed an affidavit of indebtedness stating that based on records kept in the ordinary course of business, Mr. Fonte and Hop-Hedz owed American Express $84,712.60, plus applicable interest, attorney's fees, and costs. In opposition to the motion for summary judgment, Mr. Fonte and Hop-Hedz filed the affidavits of Mr. Fonte and Thomas Ortiz. In his affidavit, Mr. Fonte averred that he had not been a shareholder of Hop-Hedz since 1999, that when he had been a shareholder the account was not in default, that he did not owe any money to American Express, that prior to January 2000 American Express had been notified that Mr. Fonte was no longer a shareholder of Hop-Hedz and had agreed that Mr. Fonte would not be liable for any future charges on the account, and that American Express had not produced any agreement or contract signed by Mr. Fonte evidencing his agreement to be liable for the business account at issue. Mr. Ortiz averred in his affidavit that he has been the sole shareholder of Hop-Hedz since 1999, that prior to January 2000 the account at issue had not been in default, that American Express had agreed that Mr. Fonte would not be

- 2 -

liable for any charges accruing after 1999, and that American Express had billed Hop-Hedz for various charges which Hop-Hedz disputed and is not obligated to pay.

Prior to moving for summary judgment, American Express had filed several account statements, in no particular order and all postdating 2000. The statements established that Mr. Ortiz was a cardholder for the account in question and that Mr. Ortiz had disputed more than $15,000 in charges on the account. At least one statement indicated that there were no charges on the card identified as Mr. Fonte's.

Following a hearing and the submission of written arguments, the trial court entered final summary judgment in favor of American Express in the amount of $84,712.60, plus prejudgment interest and costs.

Our review of a final summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "The party moving for summary judgment is required to conclusively demonstrate the nonexistence of a material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." Burt v. Hudson & Keyse, LLC, 138 So. 3d 1193, 1195 (Fla. 5th DCA 2014) (quoting Laughlin v. Household Bank, Ltd., 969 So. 2d 509, 513 (Fla. 1st DCA 2007)). The movant bears "the initial burden of demonstrating the nonexistence of any genuine issue of material fact." Rooker v. Ford Motor Co., 100 So. 3d 1229, 1231 (Fla. 2d DCA 2012) (quoting Landers v. Milton, 370 So. 2d 368, 370 (Fla. 1979)). It is only once the movant "tenders competent evidence to support his motion [that] the opposing party must come forward with counterevidence sufficient to reveal a genuine issue." Id. (quoting Landers, 370 So. 2d at 370).

American Express did not meets its burden; it failed to establish an agreement between Mr. Fonte and American Express. The only document attached to the complaint was a standard corporate credit card agreement, and nothing in that document indicated that Mr. Fonte or Hop-Hedz was bound by its terms. Cf. Miteva v. Am. Express Bank, FSB, 149 So. 3d 755, 755 (Fla. 3d DCA 2014). Further, Mr. Fonte's affidavit, as well as Mr. Ortiz's, states that American Express affirmatively agreed that Mr. Fonte would not be liable for any debt of Hop-Hedz after 1999.

American Express also failed to prove the amount at issue conclusively. Mr. Ortiz's affidavit stating that Hop-Hedz disputed some charges and that Hop-Hedz is therefore not liable for the alleged balance of $84,712.60 is sufficient to preclude summary judgment. The amount at issue is a material fact in dispute. See Furlong v. Surf Consultants, Inc., 171 So. 3d 801, 802-03 (Fla. 2d DCA 2015) (reversing summary judgment where plaintiff failed to prove the amount in dispute); JVN Holdings, Inc. v. Am. Constr. & Repairs, LLC, 185 So. 3d 599, 600 (Fla. 3d DCA 2016) (reversing summary judgment where conflicting evidence as to amount in dispute was presented); Burt, 138 So. 3d at 1196 (reversing summary judgment where plaintiff failed to establish amount in dispute in account stated claim).

The trial court erred in determining that there were no genuine issues of material fact in dispute. We therefore reverse the final summary judgment and remand for further proceedings.

Reversed and remanded.


SILBERMAN and MORRIS, JJ., Concur.