DAVIS, Judge.
Kristi D. Rooker, the plaintiff in an action to recover damages for injuries she received during a motor vehicle accident, challenges the trial court’s final summary judgment entered in favor of Ford Motor Company and Walker Ford Company, Inc. (collectively Ford), defendants below who manufactured and sold the vehicle Rooker was driving at the time of the accident. Because Ford failed to establish that no genuine issues of material fact exist, we reverse.
In 2001, Rooker was involved in a single-car, roll-over crash while driving her boyfriend’s 1999 Ford Explorer. She was thrown from the vehicle and sustained injuries. She sued Ford, alleging strict liability, negligence, and other related claims stemming from alleged defects in the vehicle that either caused the accident or furthered her injuries. Specifically, the complaint included allegations regarding the negligent design of the suspension system that resulted in the tendency of the Explorer to roll over when there was a sudden lane change, the negligent design of the roof and support structures that resulted in the vehicle’s failure to provide proper protection to an occupant of the vehicle when involved in an accident in which the vehicle rolls over, and the defective occupant restraint technology, i.e., the seat belts, which resulted in her being thrown out of the vehicle.
Ford raised a number of affirmative defenses, including allegations that Rooker caused the accident by her own negligence. Ford moved for summary judgment, arguing that no genuine issue of material fact existed on the record because Rooker failed to show that her injuries were not the result of her own negligent operation of the vehicle.
At the time of the hearing on Ford’s motion for summary judgment, the trial court had limited evidence to consider. Attachments to Ford’s motion included Rooker’s answers to interrogatories, the accident report prepared by the investigating law enforcement officer, and the medical records prepared when Rooker was admitted to the hospital following the accident.
Ford argued below that the medical records show that Rooker was legally intoxicated at the time of the accident and that this was the cause of her accident. Ford further maintained that Rooker failed to present any expert testimony that any alleged defects were the cause of her injuries. After the hearing on the motion, the *1231 trial court granted summary judgment. On rehearing, Rooker presented an affidavit by an expert detailing his opinion regarding the defects related to the car’s handling and roof system structure. However, the trial court denied Rooker’s motion for rehearing. Rooker now appeals the final summary judgment entered against her.
“The underlying purpose of a motion for summary judgment is to determine whether any genuine issues of material fact exist for resolution by the trier of fact.” Coral v. Garrard Cram Serv., Inc., 62 So.3d 1270, 1273 (Fla. 2d DCA 2011) (internal quotation marks omitted). Ford asserts that the evidence before the trial court at the time of the consideration of the motion for summary judgment failed to demonstrate that any issue of material fact remained to be proved. Ford argues that the record shows that the accident was caused by Rooker’s own negligence, i.e., her driving while intoxicated, and that she failed to produce any expert testimony or other evidence that would create an issue of fact regarding the design defects and negligence alleged in the complaint. We disagree.
“A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. But once he tenders competent evidence to support his motion, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue.” Landers v. Milton, 370 So.2d 368, 370 (Fla.1979). Ford maintains that because it presented evidence regarding the cause of the accident, the burden shifted to Rooker to present evidence showing the existence of an issue of fact. Moreover, Ford concludes that since Rooker failed to present such evidence, summary judgment was proper. We, however, reject this argument.
The allegations contained in the complaint assert design defects that caused the accident and the injuries Rook-er allegedly suffered. Even if Rooker’s negligence caused the accident that resulted in the vehicle’s rolling over, the allegations that the defective design of the roof structure and the occupant restraint devices caused the injuries she suffered in the accident remain to be decided. That is, just because the alleged defect in the vehicle may not have been the cause of the accident, Ford may still be liable for the injuries caused by the other defects alleged.
One who is injured as a result of a mechanical defect in a motor vehicle should be protected under the doctrine of strict liability even though the defect was not the cause of the collision which precipitated the injury. There is no rational basis for limiting the manufacturer’s liability to those instances where a structural defect has caused the collision and resulting injury. This is so because even if a collision is not caused by a structural defect, a collision may precipitate the malfunction of a defective part and cause injury. In that circumstance the collision, the defect, and the injury are interdependent and should be viewed as a combined event. Such an event is the foreseeable risk that a manufacturer should assume. Since collisions for whatever cause are foreseeable events, the scope of liability should be commensurate with the scope of the foreseeable risks.
Ford Motor Co. v. Hill, 404 So.2d 1049, 1052 (Fla.1981) (quoting Huff v. White Motor Corp., 565 F.2d 104, 109 (7th Cir.1977)).
Accordingly, in addition to the factual issues regarding the cause of the accident, the following issues remain in the instant case: whether the design of the roof and *1232 compartment structure failed to provide adequate protection when the vehicle rolled over resulting in injury to Rooker and whether there was a defect in the occupant restraint device that resulted in Rooker being thrown from the vehicle and suffering additional injury.[1]
Even accepting as true Ford’s allegation that Rooker’s own negligence caused the accident, the alleged facts surrounding the cause of the accident and injuries as related to the vehicle’s steering mechanism, roof system structure, and safety restraints present questions of material fact. Ford has failed to meet its burden to prove that no disputed issues of material fact exist on the face of the pleadings, interrogatories, and affidavits regarding the alleged defects. And Rooker had no burden to present additional expert evidence in support of these claims at this stage of the proceedings. See Hervey v. Alfonso, 650 So.2d 644, 645-46 (Fla. 2d DCA 1995) (“The party moving for summary judgment has the burden of establishing irrefutably that the nonmoving party cannot prevail. Furthermore, it is only after the moving party has met this heavy burden that the nonmoving party is called upon to show the existence of genuine issues of material fact.” (citation omitted)).[2]
Because these disputed issues of material fact exist, the trial court erred in granting summary judgment. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
WALLACE and CRENSHAW, JJ., Concur.

. In its motion for summary judgment, Ford alleged that Rooker was not wearing the seat belt. As support for the allegation, the motion refers to the accident report, which is silent on the issue. Rooker, on the other hand, asserts in her sworn answers to interrogatories that she was wearing the seat belt, and the medical records indicate that the information obtained upon her admission to the hospital was that she was wearing the seat belt. Because this fact is in dispute, the issue of the negligent design of the seat belt remains at issue.

. We acknowledge that the trial court could appropriately disregard the affidavit submitted by Rooker after the motion for summary judgment was granted. See Lennertz v. Dorsey, 421 So.2d 820, 821 (Fla. 4th DCA 1982) ("[A] trial judge does not abuse his discretion in refusing to consider late affidavits filed with a motion for rehearing.”).