PER CURIAM.
We review the propriety of an order granting summary judgment in this dis-putebetween two members óf a small limited liability company. Concluding that questions of fact precluded summary judgment, we reverse.
Appellant, Appellee, and a third individual, who is not a party to this action, formed a limited liability company to sell a type of sun visor product marketed as “Vizers.” Appellant owns a fifty-percent interest in the company. Appellee owns a thirty-percent intérest. The unnamed third individual owns the remaining twenty percent. A dispute arose between the parties culminating in Appellee filing the instant action “individually .and on behalf of [the company].” ' Appellee did not name the twenty-percent owner as- either a plaintiff or defendant.[1]
Appellant answered and denied the allegations of the complaint. Thereafter, Ap-pellee moved for summary judgment and filed a supporting affidavit. Appellant, acting without counsel at the time, filed an unsworn response to the motion.[2] Accordingly, the issues on appeal pertain to the sufficiency of Appellee’s affidavit.[3]
• In his affidavit,. Appellee alleged that Appellant ■ “orchestrated the sale of the assets” of; the company without the consent of the other members. In a different paragraph, Appellee, alleged that Appellant “purported to sell , the assets” of the company. The affidavit also alleged that Ap-pellee demanded an accounting from Appellant,'but Appellant refused to provide the accounting. Finally, Appellee asserted in the affidavit that he was wrongfully expelled from the company, and, at the time, the (‘capita! account balance ... was $45,000.” Appellee did - not identify the date on which he was purportedly expelled.
After a hearing, the trial court entered summary judgment in favor of Appellee and against - Appellant for $45,000, plus fees and interest. It also ordered the removal of Appellant as a “managing member” of the company. ■ .
*622 We conclude that the affidavit in support of summary judgment was woefully insufficient to support the award. Although it alleged that Appellant “orchestrated” and “purported” to sell assets of the company, it did not allege that he actually sold the assets, much less that Appellant diverted the proceeds of any such sale to his personal account, rather than use the funds for legitimate purposes. Even if we. inferred such an assertion, the affidavit failed to provide any predicate to show how Appeliee was aware of the asserted facts, which are set forth as mere conclusions. Pursuant to Florida Rule of Civil Procedure 1.510(e), affidavits made in support of summary judgment “shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” An affidavit in support of summary judgment may not be based on mere conclusions of fact or law. Fla. Dep’t of Fin. Servs. v. Associated Indus. Ins. Co., 868 So.2d 600, 602 (Fla. 1st DCA 2004). The personal knowledge requirement found in rule 1.510(e) is meant to prevent the trial court from relying on hearsay when deciding a motion for summary judgment. Id.
Here, it is not possible to determine how Appellee came to have knowledge of the facts he asserted in .his affidavit. The conclusory assertion .that he is'basing the affidavit on “personal knowledge” does not satisfy the rule’s requirement that he “show affirmatively that [he] is competent to testify” and that he “set forth such facts as would be admissible in evidence.” A factual predicate for the testimony is required, just as it would be' required at trial.
We also find error in the award of damages based on the balance of the “capital account” on some unspecified date. Besides the fact that the assertion is a mere conclusion without proper foundation, Appellee offered no explanation of what a “capital account” represents for this company. Further, Appellee did not assert that the money was somehow diverted from the company or explain why his measure of damages as a thirty-percent owner of the company should equal the entire value of the “capital account.”
■ Accordingly, the summary judgment is reversed, and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
LAWSON, C.J., and LAMBERT, J., concur.
TORPY, J., concurs specially with opinion.

. The failure to join an indispensable party ‘ was not raised as-an issue ori appeal.

. Appellant also filed an affidavit attempting to authenticate records.

. Although the trial court also considered the verified complaint, because the oath was based on “knowledge and belief,” it was facially insufficient to support summary judgment. E.g., Ballinger v. Bay Gulf Credit Union, 51 So.3d 528, 530 (Fla. 2d DCA 2010) (verified complaint based on “knowledge and belief” cannot be considered in support of motion for summary judgm'ent).