IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


LINDA JIAORONG SKELTON,

      Appellant,

 v.                                  Case No.  5D15-4277

REAL ESTATE SOLUTIONS HOME
SELLERS, LLC,

      Appellee.

_____/

Opinion filed November 4, 2016

Appeal from the Circuit Court
for Volusia County,
William A. Parsons, Judge.

Linda Jiaorong Skelton, Daytona Beach,
pro se.

Michael P. Kelton, of Paul, Elkind, Branz &
Kelton, P.A., Deland, for Appellee.


EDWARDS, J.

      Linda Skelton ("Appellant") sued Real Estate Solutions Home Sellers, LLC ("Appellee"), seeking return of her personal property that she alleged Appellee improperly removed from the house she occupied.  Appellant appeals from the final summary judgment entered in favor of Appellee, denying her replevin claim.  The parties asserted diametrically opposed versions of the facts in their respective sworn affidavits.  We find

there were disputed issues of material fact regarding removal of Appellant's property from the house.  Additionally, as part of its rationale for granting summary judgment, the trial court erroneously relied upon section 83.62, Florida Statutes (2015).  That statutory provision and related immunity provisions concern the rights and duties of a landlord retaking a leased premises and dealing with any personal property left behind by the tenant.  Here, there was no landlord-tenant relationship between the parties. We reverse the final summary judgment and remand for further proceedings.

## Standard of Review

"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law." *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000) (citing *Menendez v. Palms W. Condo. Ass'n*, 736 So. 2d 58, 60 (Fla. 1st DCA 1999)).  "The standard of review of a summary judgment order is de novo and requires viewing the evidence in the light most favorable to the non-moving party." *Sierra v. Shevin*, 767 So. 2d 524, 525 (Fla. 3d DCA 2000) (citing *Walsingham v. Dockery*, 671 So. 2d 166, 172 (Fla. 1st DCA 1996)).  "If the 'slightest doubt' exists, then summary judgment must be reversed." *Id.* (citing *Hancock v. Dep't of Corr.*, 585 So. 2d 1068, 1070-71 (Fla. 1st DCA 1991)). "In ruling on a motion for summary judgment, the court may neither adjudicate the credibility of the witnesses nor weigh the evidence." *Id.* (citing *Hernandez v. United Auto. Ins. Co., Inc.*, 730 So. 2d 344, 345-46 (Fla. 3d DCA 1999)).

## Sequential Foreclosures

In February 2014, Appellant was the successful bidder at a foreclosure auction for the subject real property ("the house") and a certificate of title was issued to her.  Appellant

moved into the house in 2014 and considered it her personal residence. In 2015, SunTrust Bank obtained a final judgment in a separate foreclosure action, also involving the house, against its mortgagors, the Culleys. Appellant was not named as a party in the Culley foreclosure action. In May 2015, Appellee was the successful bidder at the Culley foreclosure sale, was issued a certificate of sale, and subsequently received a certificate of title to the house.

## Writ of Possession

In June 2015, Appellee moved for a writ of possession after judgment. In the motion, Appellee certified that "there are no tenants in possession of the subject property, or if there are, that such tenants have been provided with requisite notice pursuant to the Federal Protection Tenants at Foreclosure Act." On June 10, 2015, the Clerk of Court issued a writ of possession. The following morning, the Volusia County Sheriff posted a copy of the writ of possession on the front door of the house, providing notice that any occupant must evacuate the residence within twenty-four hours. Appellant's motion to quash the writ of possession, filed in the Culley foreclosure case, was denied.

## Suit for Replevin

Allegedly, while Appellant was at the courthouse seeking relief from the writ of possession, the sheriff removed her personal property from the house pursuant to directions from Appellee. Appellant then sued Appellee, seeking replevin of her personal property. In her complaint, she listed the specific items she sought and placed a value of approximately $50,000 on the missing personal property. Appellee responded to the replevin complaint by raising several defenses. As noted above, Appellee then moved

3

for and obtained summary judgment despite Appellant's opposition. Appellant timely appealed the final summary judgment.[1]

## Summary Judgment

When moving for summary judgment, Appellee first argued in its motion and stated in the affidavit of Mr. Hemlock, its manager, that it properly obtained the writ of possession pursuant to section 83.62, which is titled and concerns, "Restoration of possession to landlord." The trial court considered that argument and relied upon section 83.62 as one basis for granting summary judgment in favor of Appellee. The parties agree that there was no landlord-tenant relationship between them. Thus, the trial court erred when it concluded, as Appellee requested, that the section 83.62 writ of possession was properly issued in favor of Appellee, permitting Appellant's eviction and the removal of her personal property.

The trial court also adopted Appellee's second argument as a basis for granting summary judgment, namely that section 83.62 immunized Appellee from any suit for replevin or damages concerning personal property removed from the house. However, that statute provides immunity only in favor of three potential defendants: the sheriff, the landlord, or the landlord's agent. Given the absence of any landlord-tenant relationship, Appellee was not the landlord or the landlord's agent, and certainly was not the sheriff.

---

[1] Appellant attempts to raise certain arguments here regarding the alleged impropriety of foreclosing the Culley mortgage without naming her as a party to the action. Appellant further argues that Appellee's application for the writ of possession was based upon misstatements of fact, namely that there were no tenants in the house, or, in the alternative, that the tenants were given proper notice of the need to vacate. However, those specific issues are not properly before the court in this appeal. Additionally, even though Appellant challenged the court's issuance of the writ on the aforementioned grounds, she did not appeal the order denying her motion to quash the writ.

Because section 83.62 immunity cannot shield Appellee here, it was error for the trial court to use that as a basis for granting final summary judgment.

Appellee's third summary judgment argument, that Appellant's personal property was properly removed from the house and placed at or near the property line refers to language in section 83.62. This legal argument was supported by an affidavit from Appellee's manager saying in conclusory fashion that "all personal property was removed from the premises and placed to or near the property line." However, in addition to the inapplicability of that statute to this case, Appellant factually disputed the assertion that her property had been so removed. In terms equally as conclusory in nature as those employed by Appellee, she stated in her opposing affidavit that Appellee "did not remove [her] household goods and belongings to the sidewalk near the property line." Needless to say, where the personal property was placed and who removed it from the property are genuine issues of fact that need to be resolved either by further evidence or by the trier of fact.

Appellee's fourth argument, that it did not possess any of Appellant's personal property, would be a valid defense to a claim for replevin, if it had been properly supported by admissible record evidence. In a replevin action, "although possession by the defendant of the subject property is *essential*, actual manual possession is not necessary. It is sufficient if a defendant has constructive possession, that [it] has such control over the property that he may deliver the possession of it." *Bush v. Belenke*, 381 So. 2d 315, 316 (Fla. 3d DCA 1980) (emphasis added) (citations omitted). As we undertake our de novo review, we cannot determine from Hemlock's affidavit any evidentiary basis for his statement that Appellee does not have Appellant's items and does not know where they

5

are.  "Pursuant to Florida Rule of Civil Procedure 1.510(e), affidavits made in support of summary judgment 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.'"  *Johns v. Daniels*, 186 So. 3d 620, 621 (Fla. 5th DCA 2016) (quoting Fla. R. Civ. P. 1.510(e)).  The oft-repeated statement that the witness has personal knowledge of the matters set forth in his/her affidavit, standing alone, is insufficient.  "A factual predicate for the [affidavit] testimony is required, just as it would be required at trial." *Id.*

## Conclusion

For the reasons set forth above, we find that the trial court erred in granting summary judgment.  We reverse the final summary judgment and remand for further proceedings in accord with this opinion.

REVERSED AND REMANDED.


SAWAYA and TORPY, JJ., concur.

6