# Third District Court of Appeal

## State of Florida

Opinion filed July 18, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1493
Lower Tribunal No. 16-4
_____

**Valerie Viviane Bensoussan and Marc Cohen,**
Appellants,

vs.

**Banon5 LLC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Xander Law Group, P.A., and Wayne R. Atkins, for appellants.

Eric J. Grabois, for appellees.

Before SALTER, EMAS and LOGUE, JJ.

SALTER, J.

Valerie Bensoussan and Marc Cohen ("Prior Owners") appeal a final judgment and circuit court order dismissing their amended complaint with prejudice. We reverse and remand the case for further proceedings.

Circuit Court Proceedings and 2015 Appeal

The appellees are a company ("Banon5") which acquired title to the condominium unit previously owned by the Prior Owners (the "Unit"). The Prior Owners lost title to the Unit in a foreclosure; Banon5 was the successful bidder at the foreclosure sale. Another appellee, Pierre Elmaleh, is a principal and agent of Banon5.

Following the foreclosure sale, the Prior Owners commenced an earlier appeal to this Court seeking review of orders denying their objections to the foreclosure sale and their motion to vacate that sale. That prior appeal, Cohen v. Laze-E-J, LLC, Case No. 3D15-1382, was pending when Banon5 sought and obtained issuance of a writ of possession (July 1, 2015) in order to obtain possession and control of the Unit. Neither the final judgment of foreclosure nor the writ of possession, however, authorized Banon5 to take or retain possession of the Prior Owners' personal property within the Unit.

On the same day the trial court granted Banon5's motion for a writ of possession, the Prior Owners filed an emergency motion in this Court for

review of the trial court's order denying a stay pending their appeal. Before the writ of possession was carried out, this Court entered a temporary stay (July 2, 2015) and directed that a response to the emergency motion be filed within ten days by the foreclosing lender and Banon5 in Case No. 3D15-1382.

After consideration of Banon5's response, this Court lifted the temporary stay on July 14, 2015.[1] The following day, Banon5 and Elmaleh brought the police to the Unit to carry out the writ of possession.

The execution of the writ of possession and disposition of the Prior Owners' personal property inside the Unit became the subject of a separate, 2016 lawsuit by the Prior Owners against Banon5, Elmaleh, and the condominium association.[2] The present appeal was taken from the final judgment and order of dismissal in that separate case.

In their first amended complaint in the 2016 lawsuit, the Prior Owners alleged four of the five counts against Banon5 and Elmaleh, for civil theft,

---

[1] In November 2015, the Prior Owners voluntarily dismissed their earlier appeal (Case No. 3D15-1382) relating to their motion to vacate the final judgment of foreclosure and their objections to the foreclosure sale to Banon5.

[2] This appeal does not involve the claim by the Prior Owners against the condominium association; the Prior Owners voluntarily dismissed that claim with prejudice before the trial court entered the final order presently under review.

conversion, replevin, and negligence, and a single negligence count against the association. The allegations essentially contended that: Banon5 and Elmaleh did not allow the Prior Owners a reasonable time (following this Court's termination of the temporary stay) within which to remove their personal property from the Unit; Banon5 and Elmaleh had no right to possession or control of that personal property; Banon5 and Elmaleh wrongfully changed the locks and denied access to the Unit to the Prior Owners and their scheduled movers, depriving them of the opportunity to move the personal property to their new residence; and unlicensed movers and persons hired by Banon5 and Elmaleh stole the personal property "for their own use, or to be sold for their benefit."[3]

In 2017, the trial court entered the final judgment and order dismissing the first amended complaint with prejudice, and this appeal followed.

Analysis

---

[3] The amended complaint acknowledges that a limited number of items of the Prior Owners' personal property were returned to the control of the Prior Owners in August 2015 as the Miami Beach police investigated the loading of a pickup truck with those items. Allegedly, the items were being removed from the condominium by employees of Banon5 and Elmaleh. The itemized list of the Prior Owners' personal property subject to their claims and located in the Unit at the time they were locked out included estimated values for each item and a total exceeding $209,000.00.

4

We review de novo the final order of dismissal with prejudice, assuming all allegations of the first amended complaint to be true, and construing all reasonable inferences from those allegations in favor of the Prior Owners.  United Auto. Ins. Co. v. Law Offices of Michael I. Libman, 46 So. 3d 1101, 1103-04 (Fla. 3d DCA 2010).

I.    Section 83.62, Florida Statutes, Is Inapplicable

The trial court order states that the Prior Owners were alleging that "the put-out on July 15, 2015 is governed by Florida Statutes § 83.62."  That statute is a part of the Florida Residential Landlord and Tenant Act, and the Act applies to "the rental of a dwelling unit."[4]  Section 83.62 is not applicable to a writ of possession to dispossess a former owner remaining in possession after a foreclosure sale with no rental agreement in effect.

But the trial court's order was incorrect in its implications that all of the Prior Owners' claims relied on that statute, and that the statute itself offered Banon[5] and Elmaleh "an immunity from liability for any loss, destruction or damage to the personal property after its removal from the premises."  The amended complaint mentioned section 83.62 in a footnote to one paragraph of the general allegations and in one paragraph within the conversion count.  There is no separate claim grounded on a violation of

---

[4] § 83.41, Fla. Stat. (2015).

5

section 83.62, nor are the causes of action alleged in the amended complaint irrevocably tethered to a breach of that statute.

Section 83.62(2) applies to a writ of possession executed by the sheriff regarding a residential apartment. It authorizes the landlord or an agent of the landlord to "remove any personal property [of the tenant being evicted] found on the premises to or near the property line." When that procedure has been followed, "Neither the sheriff nor the landlord or the landlord's agent shall be liable to the tenant or any other party for the loss, destruction, or damage to the property after it has been removed." Id.

Because the statute is inapplicable to the record before us, however, it does not provide immunity for Banon5 or Elmaleh, or legal grounds for the order dismissing the Prior Owners' amended complaint with prejudice. The parties were never landlord and tenant, one to the other. Our conclusion on this point aligns with that of the Fifth District in Skelton v. Real Estate Solutions Home Sellers, LLC, 202 So. 3d 960 (Fla. 5th DCA 2016).

II.     Equitable Subrogation to Mortgagee's Rights

The order of dismissal also determined that Banon5 and Elmaleh had a legal right to retain the Prior Owners' personal property because Banon5 had become equitably subordinated to the foreclosing mortgagee's rights. The order observed that the mortgage in this case encumbered "all furniture,

6

furnishings, fixtures and equipment contained in or appurtenant to said premises [the Unit]."

An examination of the final judgment of foreclosure, however, discloses that the mortgage lien and the sale only included the Unit, and not any personal property within the Unit. The subrogation argument also fails under the well-settled principle of merger. Nack Holdings, LLC v. Kalb, 13 So. 3d 92, 94 (Fla. 3d DCA 2009); Whitehurst v. Camp, 699 So. 2d 679, 682 (Fla. 1997).

When a final judgment is entered foreclosing a mortgage, the mortgage itself "loses its identity," and the final judgment itself controls the mortgagee's/judgment creditor's rights. Nack Holdings, LLC, 13 So. 3d at 94 n.2 (quoting Whitehurst, 699 So. 2d at 682). At the foreclosure sale, the Clerk only sold the Unit, and there existed no residual mortgage lien for Banon5 to buy regarding the personal property within the Unit.

### III. The Prior Owners' Claims

We agree with the trial court that the Prior Owners do not have a cause of action for property removed from the Unit in the presence of the police pursuant to the writ of possession. That said, however, we find that the allegations of the first amended complaint state a cause of action regarding Banon5's and Elmaleh's exercise of control over the Prior

7

Owners' personal property in the Unit after the locks were changed and after Elmaleh refused to allow the Prior Owners and their movers to enter the Unit to remove property in the Unit. Envases Venezolanos, S.A. v. Collazo, 559 So. 2d 651, 652-53 (Fla. 3d DCA 1990). The allegations in the amended complaint and its attachments are legally sufficient "[u]nder the applicable standard of review at this procedural point," though the allegations remain subject to proof, defenses, and affirmative defenses as the case proceeds. See Ice v. Cosmopolitan Residences on S. Beach, a Condo. Ass'n, 237 So. 3d 408, 412 (Fla. 3d DCA 2017).

## IV.  Conclusion

The final judgment and order granting dismissal of the amended complaint with prejudice is reversed and the case is remanded to the trial court for further proceedings.