DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CUSTOM DESIGN EXPO, INC., a Florida corporation, and
YOGMATIE SINGH,

Appellants,

v.

SYNERGY RENTS, INC., a Florida limited liability company, and
F.I.R.E. RESOURCES, INC., a Florida corporation,

Appellees.

No. 2D20-1316

_____

September 10, 2021

Appeal from the Circuit Court for Polk County; John Radabaugh,
Judge.

Marc D. Peltzman of Law Office of Marc D. Peltzman, P.A., Orlando,
for Appellants.

Brian A. Leung, Victor W. Holcomb, and Steven R. DiOssi of
Holcomb & Leung, P.A., Tampa, for Appellee Synergy Rents, Inc.

No appearance for Appellee F.I.R.E. Resources, Inc.


SLEET, Judge.

Custom Design Expo, Inc., and its principal Yogmatie Singh challenge the trial court's final summary judgment entered against them and in favor of Synergy Rents, Inc., in Synergy's action for breach of contract and open account filed against them.[1]  Because the affidavit in opposition to Synergy's summary judgment motion was insufficient to establish a genuine issue of material fact, we affirm.

Custom Design is a contractor that was hired by F.I.R.E. Resources, Inc., to clear, grade, and prepare undeveloped lots for vertical development.  Custom Design contracted with Synergy to rent construction equipment for that job.  In its complaint below, Synergy alleged that it had a contract with Custom Design for the rental of construction equipment on open account, that Custom Design failed to pay all amounts due and owing on the contract, that Singh signed a personal guaranty to be personally liable for amounts due pursuant to the contract, and that $81,875.43 due on the contract remained unpaid.

---

[1] Appellee F.I.R.E. Resources, Inc., was named as a defendant below in a separate count for construction lien but makes no appearance in this appeal.

Custom Design and Singh filed an answer to the complaint, and Synergy subsequently moved for summary judgment on only the counts brought against them.

In support of the motion, Synergy filed with the trial court the affidavit of its credit manager, Lynn Idleman, in which she averred that Custom Design had executed a written application for credit with Synergy for the purpose of renting service equipment on open account and that the application contained a personal guaranty on the debt signed by Singh. A copy of the application, including the personal guaranty with Singh's signature, was attached to the affidavit. The credit application also included language that indicated that the application was a contract and that in exchange for the extension of credit, the applicant agreed to make payment pursuant to the terms of the agreement. Idleman stated in the affidavit that Custom Design rented equipment pursuant to the credit application contract, "fail[ed] and/or refus[ed] to pay for the rental equipment" in full, and owed Synergy the unpaid amount of $81,875.43 plus prejudgment interest. Copies of twenty-two invoices supporting that amount were also attached to the affidavit,

3

and Idleman averred that they were "true and correct copies of the outstanding invoices."

The only evidence filed in opposition to the summary judgment motion was the affidavit of F.I.R.E. president Shane Merali.[2]  In that affidavit, Merali stated the following:

> 5. F.I.R.E. RESOURCES, INC. takes issue with 3 invoices presented in Plaintiff's Motion for Summary Judgment

[2] In its answer brief before this court, Synergy points out that "[t]he affidavit was filed not by Custom Design and Singh but by Shane Merali, who is not a party to the case and is the President of the property owner, F.I.R.E."  We first note that Synergy is incorrect in its contention that the affidavit was filed with the court by Merali individually.  The notice of filing attached to Merali's affidavit stated, "Defendant, F.I.R.E. Resources, Inc., by and through undersigned counsel hereby files the attached Affidavit of Shane Merali in connection with the Motion [for] Summary Judgment currently scheduled for hearing."  As such, the affidavit was filed on behalf of F.I.R.E., which—contrary to Synergy's assertion—was a party defendant to the action below as count one of Synergy's amended complaint was a count for construction lien against defendant F.I.R.E. as the owner of the property.

Furthermore, F.I.R.E. had standing to oppose the motion seeking summary judgment against its codefendants because the construction lien count against F.I.R.E was based on the breach of contract and open account allegations against Custom Design and Singh.  *Cf. Crowell v. Kaufmann*, 845 So. 2d 325, 327 (Fla. 2d DCA 2003) ("[T]he summary judgment in favor of [Dr. Crowell's codefendant] Dr. Kaufmann exonerates [Dr. Kaufmann] from fault. Because the trial court determined as a matter of law that Dr. Kaufmann was not at fault, Dr. Crowell would not have been entitled to place him on the verdict form [as a defendant pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993)].  Accordingly, Dr. Crowell had standing to oppose Dr. Kaufmann's motion for summary judgment . . . ." (citations omitted)).

and supporting affidavit. The first disputed invoice is #5008-0010. This invoice is in the amount of $4,931.26, for a 2 week rental period. The rental period, however, for this equipment was supposed to be 1 week. This invoice therefore represents an overcharge of at least $2,465.00, plus the interest accrued on the overcharge.

6. The second disputed invoice is #5111-0006. This invoice is in the amount of $3,116.25, for a 2 week rental period. The rental period, however, for this equipment was supposed to be 1 week. This invoice therefore represents an overcharge of at least $1,558.12, plus the interest accrued on the overcharge.

7. The third disputed invoice is #41119-002. This invoice, for a 4 week rental, in the amount of $1,900.00, does not accurately reflect the amount of time for which the equipment was on-site at Tuscany Preserve.

Following a hearing, the trial court entered summary judgment in favor of Synergy and directed Custom Design and Singh to pay $81,875.43 plus interest and court costs.

On appeal, Custom Design and Singh argue that this was error because Merali's affidavit established a genuine issue of material fact as to the amount due. Synergy, however, maintains that the affidavit only "asserted mere conclusions without any basis" and thus was insufficient to establish a genuine issue of material fact to preclude summary judgment. We agree with Synergy that Merali's affidavit did not establish a genuine issue of

5

material fact and conclude that Custom Design and Singh have not met their burden on appeal of proving reversible error.

Summary judgment "must be rendered immediately if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c) (2020).[3] "A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. But once he tenders competent evidence to support his motion, the opposing party must come forward with counterevidence sufficient to reveal a genuine issue." *Rooker v. Ford Motor Co.*, 100 So. 3d 1229, 1231 (Fla. 2d DCA 2012) (quoting *Landers v. Milton*, 370 So. 2d 368, 370 (Fla. 1979)). Summary judgment evidence includes "any affidavits, answers to interrogatories, admissions, depositions, and other material as would be admissible in evidence." Fla. R. Civ. P. 1.510(b). "Supporting and opposing affidavits must be made on personal

_____

[3] Rule 1.510 was amended effective May 1, 2021. The prior version of the rule is applicable here because it was in effect when Merali's affidavit was made and when the trial court ruled on Synergy's summary judgment motion. But our disposition of this case would be the same under either version of the rule.

knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein." Fla. R. Civ. P. 1.510(e).

Here, Synergy tendered competent admissible evidence to support its motion. Idleman's affidavit along with the attached credit application contract and invoices established that the parties had a contract for the rental of equipment on open account, that Custom Design breached that contract by failing to pay $81,875.43 due on the account, and that Singh had signed a personal guaranty on the account.[4]

As such, the burden shifted to the nonmovants to provide counterevidence establishing a genuine issue of material fact. *See Rooker*, 100 So. 3d at 1231. The only evidence presented in opposition of summary judgment was Merali's affidavit. In that affidavit, Merali averred that he was the corporate president for F.I.R.E., that he was "the individual with F.I.R.E. . . . with the most knowledge of equipment rental at issue," that he "was on-site managing and supervising development activities at Tuscany

---

[4] On appeal, Custom Design and Singh do not challenge the admissibility of any of Synergy's summary judgment evidence.

Preserve multiple days each week during the rental period," and that the equipment rented "was used, exclusively during the lease period, for construction for site improvements at Tuscany Preserve."

Merali also challenged the correctness of three of the twenty-two invoices attached to Idleman's affidavit. As to two of the invoices, Merali asserted that they were for two-week rental periods but that "[t]he rental period . . . was supposed to be 1 week." It is undisputed, however, that neither Merali nor F.I.R.E. was a party to the credit application contract. Additionally, Merali does not assert that he had any direct relationship or entered into any agreements with Synergy. The written contract does not indicate the rental periods, but the invoices indicate that the equipment was all ordered by Arnold Singh, and nothing in Merali's affidavit contradicts that fact. As such, Merali did not have personal knowledge of any agreements between Synergy and Custom Design and Singh, and any information he could offer regarding those agreements—including how long the rental periods were "supposed to be"—would necessarily have to be inadmissible hearsay.

But hearsay cannot form the basis in an affidavit for establishing a genuine issue of material fact that would preclude

summary judgment. *See* Fla. R. Civ. P. 1.510(e) ("Supporting and opposing affidavits must be made on personal knowledge [and] must set forth such facts as would be admissible in evidence."); *Johns v. Dannels,* 186 So. 3d 620, 622 (Fla. 5th DCA 2016) ("The personal knowledge requirement found in rule 1.510(e) is meant to prevent the trial court from relying on hearsay when deciding a motion for summary judgment."); *Fla. Dep't of Fin. Servs. v. Associated Indus. Ins. Co.,* 868 So. 2d 600, 602 (Fla. 1st DCA 2004) ("The purpose of the personal knowledge requirement is to prevent the trial court from relying on hearsay when ruling on a motion for summary judgment . . . and to ensure that there is an admissible evidentiary basis for the case rather than mere supposition or belief." (quoting *Pawlik v. Barnett Bank of Columbia Cnty.,* 528 So. 2d 965, 966 (Fla. 1st DCA 1988))). " 'An affidavit . . . may not be based on factual conclusions or conclusions of law.' 'A factual predicate for the testimony is required, just as it would be required at trial.' " *Rodriguez v. Avatar Prop. & Cas. Ins. Co.,* 290 So. 3d 560, 563-64 (Fla. 2d DCA 2020) (citations omitted) (first quoting *Fla. Dep't of Fin. Servs.*, 868 So. 2d at 602, and then quoting *Johns,* 186 So. 3d at 622).

As to the third invoice, in his affidavit, Merali asserts that invoice number 41119-002, "for a 4 week rental, in the amount of $1,900.00, does not accurately reflect the amount of time for which the equipment was on site at Tuscany Preserve." Again, we conclude that this statement by Merali is insufficient to create a genuine issue of material fact.

The invoice in question was one of four invoices attached to Idleman's affidavit that deal with the same piece of equipment, a forklift with the serial number 0160085723. All four invoices indicate that the date the forklift was rented out was May 3, 2018. The first invoice, number 41119-001, charges for the period from May 3 to May 31, 2018. The second invoice, the one that Merali challenges in his affidavit, charges for the period from May 31 to June 28, 2018. The third invoice, number 41119-003, charges for the period from June 28 to July 26, 2018, and invoice 41119-004 charges for the period from July 26 to August 1, 2018, and indicates that the forklift was returned to Synergy on August 1, 2018. Thus, the invoices, along with Idleman's affidavit, establish the material fact that Custom Design had possession of Synergy's

forklift from May 3 until August 1, 2018, and owed payment to Synergy for that time period.

This fact is not refuted by Merali's statement in his affidavit that invoice number 41119-002 "does not accurately reflect the amount of time" that this forklift was on site at Tuscany Preserve. First, Synergy's summary judgment evidence does not suggest that the forklift was only on site at Tuscany Preserve for the four-week period from May 31 to June 28, 2018. Rather, the evidence established that the forklift was on site for a total of three months—an amount of time not accurately reflected by invoice 41119-002 alone. As such, Merali's affidavit does not conflict with Synergy's summary judgment evidence; both parties agree that invoice 41119-002 does not accurately reflect the amount of time that particular forklift was on site at Tuscany Preserve.

Second, even if we were to read Merali's affidavit to state that that particular forklift was on site during that four-week period for an amount of time less than four weeks—something that the plain language of the affidavit does not say—Merali in no way refutes the other invoices directed at the rental of this forklift or contradicts the date the equipment was first rented out or the date it was returned

11

to Synergy. As such, his affidavit would only create a question of fact as to whether Custom Design used the equipment during that four-week period exclusively at Tuscany Preserve.

Such would not preclude summary judgment of the breach of contract and open account allegations as the location where the equipment was used is not a material fact as to those counts. To preclude summary judgment, "the 'issue' must be one of *material* fact. Issues of nonmaterial facts are irrelevant to the summary judgment determination." *Cont'l Concrete, Inc. v. Lakes at La Paz III Ltd. P'ship*, 758 So. 2d 1214, 1217 (Fla. 4th DCA 2000). "A material fact, for summary judgment purposes, is a fact that is essential to the resolution of the legal questions raised in the case." *Id.* Here, although the question of where the equipment was used may be a material fact as to the construction lien count against F.I.R.E., it is not a material fact in the determination of whether Custom Design and Singh took possession of Synergy's rental equipment pursuant to their contract with Synergy and failed to pay the cost of the rental in accordance with their contractual obligation.[5]

---

[5] Our conclusion as to this issue is not changed by the fact that Merali also averred in his affidavit that the equipment "was used, exclusively during the lease period, for construction of site

12

For the reasons discussed, Merali's affidavit did not establish that a genuine issue of material fact remained. As such, the trial court did not err in entering summary judgment against Custom Design and Singh and in favor of Synergy.

Affirmed.


ROTHSTEIN-YOUAKIM, J., Concurs.
ATKINSON, J., Dissents.

---

improvements at Tuscany Preserve" because his affidavit does not establish that he "is competent to testify to th[at] matter." *See* Fla. R. Civ. P. 1.510(e). He stated in his affidavit that he was on site at Tuscany Preserve only "multiple days each week" during the rental period. He did not, however, aver that he was present at Tuscany Preserve every day during the rental period. He cannot attest to what occurred at Tuscany Preserve or where the equipment was on days that he was not present.