DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THERESA GROMANN,**
Appellant,

v.

**AVATAR PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D21-1896

[August 10, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 50-2017-CA-004244-XXXX-MB.

Monique A. Low of David Low & Associates, P.A., Fort Lauderdale, for appellant.

Paulo R. Lima and Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, for appellee.

FORST, J.

Appellant Theresa Gromann ("Homeowner") appeals the trial court's order granting the summary judgment motion filed by the defendant, Avatar Property & Casualty Insurance Company ("Avatar"), with respect to Homeowner's breach of contract complaint. On appeal, Homeowner argues final summary judgment for Avatar was inappropriate because Avatar relied on inadmissible evidence to support its argument. We agree and reverse the trial court's summary final judgment, remanding for further proceedings.

**Background**

On September 26, 2016, Homeowner allegedly sustained a loss to her property resulting from external water damage. At the time of this loss, Homeowner held an all-risks property and casualty insurance policy with Avatar.

Prior to informing Avatar of the damage, Homeowner hired roof and drywall contractors to perform repairs. While these repairs were being conducted, mold was discovered in several rooms. Three weeks after the initial discovery of damages, Homeowner notified Avatar of the water intrusion and mold. Avatar promptly dispatched an adjustor to the property. The adjustor was unable to determine the source or recency of the damage or confirm the presence of mold. Following the adjustor's visit, Homeowner had further repairs to the property.

Pursuant to Avatar's post-loss guidelines, Homeowner submitted to an examination under oath ("EUO") and filed a sworn proof of loss ("SPOL"). Homeowner filed her SPOL with the assistance of Bulldog Adjusting, Inc., a public adjuster. Homeowner sought a replacement cost value of $109,232.13, including $66,209.33 for a new roof; these numbers were taken from a repair estimate prepared by Bulldog Adjusting.

Avatar subsequently denied coverage for Homeowner's loss, claiming Homeowner committed several material breaches of the policy and submitted a fraudulent roof repair estimate. Homeowner filed suit against Avatar for breach of contract, and Avatar responded by filing a motion for summary judgment. In support of this motion, Avatar filed an affidavit executed by its "corporate representative" which repeats the contents of Avatar's summary judgment motion verbatim.

Following a hearing, the trial court granted Avatar's motion for summary judgment. Arguing Avatar's evidence (primarily the corporate representative's affidavit) was insufficient to establish the lack of a genuine issue of material fact, Homeowner appeals the trial court's summary judgment decision.

## Analysis

We review *de novo* the question of whether the trial court erred in finding Avatar satisfied its burden for summary judgment. *See Restoration Constr., LLC v. SafePoint Ins. Co.*, 308 So. 3d 649, 651 (Fla. 4th DCA 2020). Under the standard in force at the time of Avatar's motion,[1] "[s]ummary

---

[1] After the trial court issued its final summary judgment that is the subject of the instant appeal, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.510(c) to adopt a new summary judgment standard. *See In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 309 So. 3d 192, 193–95 (Fla. 2020) (adopting the federal summary judgment standard). The amendment, which became effective on May 1, 2021, does not apply here as the final judgment predates that amendment. *See Wilsonart, LLC v. Lopez*, 308 So. 3d 961, 964 (Fla.

judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *McCarthy v. Broward Coll.*, 164 So. 3d 78, 80 (Fla. 4th DCA 2015)).

Generally, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fla. R. Civ. P. 1.510(c)(4). When a supporting summary judgment affidavit fails to establish its basis in the affiant's personal knowledge, the affidavit should be found legally insufficient to support the entry of summary judgment in favor of the moving party. *See, e.g.*, *Huertas v. Avatar Prop. & Cas. Ins. Co.*, 333 So. 3d 767, 771 (Fla. 4th DCA 2022); *Everett v. Avatar Prop. & Cas. Ins. Co.*, 310 So. 3d 536, 539 (Fla. 2d DCA 2021); *Rodriguez v. Avatar Prop. & Cas. Ins. Co.*, 290 So. 3d 560, 563 (Fla. 2d DCA 2020). The justification for this standard is hardly mysterious; "[t]he personal knowledge requirement . . . is meant to prevent the trial court from relying on hearsay when deciding a motion for summary judgment." *Johns v. Dannels*, 186 So. 3d 620, 622 (Fla. 5th DCA 2016).

*Huertas*, *Everett*, and *Rodriguez* all concern a fact pattern (and defendant) substantially similar to that presented in this case. *See Huertas*, 333 So. 3d at 770–71, *Everett*, 310 So. 3d at 539, *Rodriguez*, 290 So. 3d at 563. In all three cases, Avatar presented an affidavit which appeared to be a nearly word-for-word recitation of language used in Avatar's earlier-filed motion for summary judgment. In yet another case questioning the sufficiency of an affidavit filed by Avatar, the Fifth District noted that "Avatar has [previously, in *Everett* and *Rodriguez*] used this 'copy and paste' approach of transforming a motion into an 'affidavit' for other vaguely identified representatives of Avatar to swear to." *Lopez v. Avatar Prop. & Cas. Ins. Co.*, 313 So. 3d 230, 233 n.7 (Fla. 5th DCA 2021). Avatar's affidavit was found to be improper and unfit to serve as the basis for a summary judgment motion in all the aforementioned cases.

---

2020) (stating that the amendment to rule 1.510(c) applies prospectively); *Tank Tech, Inc. v. Valley Tank Testing, L.L.C.*, 334 So. 3d 658, 660 n.1 (Fla. 2d DCA 2021) (holding that amendment to rule 1.510 did not apply because final judgment had been entered before the effective date of the change, May 1, 2021, and noting that the rule change applies prospectively).

Similarly, the affidavit presented by Avatar in this case fails as well. Avatar's affidavit fails to state a basis for the affiant's knowledge, is not dated, includes numerous unsupported legal and factual conclusions, and is simply a "cut-and-paste" of Avatar's previously filed motion for summary judgment. Although this Court is allowed to strike the inadmissible portions of an affidavit and rely only on the admissible parts—*see Humphrys v. Jarrell*, 104 So. 2d 404, 409 (Fla. 2d DCA 1958)—Avatar's affidavit is still invalid due to its complete failure to state any basis for the claims presented therein.

Avatar argues its affidavit was proper, citing this Court's decision in *Carriage Hills Condominium, Inc. v. JBH Roofing & Constructors, Inc.*, 109 So. 3d 329 (Fla. 4th DCA 2013). In *Carriage Hills*, we found a duly appointed "corporate representative" testifying pursuant to Florida Rule of Civil Procedure 1.310(b)(6) need not possess personal knowledge to testify "about matters known or reasonably available to the organization." *Id.* at 334. However, *Carriage Hills* did not address whether such testimony can serve as the sole basis for a grant of summary judgment. Therefore, in light of the extensive case law prohibiting the entry of summary judgment predicated on affidavits lacking *any* personal knowledge, we find that *Carriage Hills* is not relevant here.

Avatar's affidavit fails to satisfy any prong of rule 1.510(c)(4): the author of the affidavit did not claim the affidavit was "made on personal knowledge"; did not "set out facts that would be admissible in evidence"; and did not "show that the affiant or declarant is competent to testify on the matters stated." Thus, the affidavit cannot "be used to support" a summary judgment motion. *Id.*

## Conclusion

As set forth above, the trial court erred in granting summary judgment for Avatar predicated on a fatally deficient affidavit which merely repeated, word-for-word, the allegations found in Avatar's initial motion for summary judgment. "[T]o prevent the trial court from relying on hearsay when deciding a motion for summary judgment," any affidavit used to support such a ruling must be predicated on the personal knowledge of the affiant. *Johns*, 186 So. 3d at 622; *see also Huertas*, 333 So. 3d at 770–71; *Everett*, 310 So. 3d at 539; *Rodriguez*, 290 So. 3d at 563. Accordingly, we reverse the final summary judgment and remand for further proceedings.

*Reversed and remanded.*

4

K<span>LINGENSMITH</span>, C.J., and L<span>EVINE</span>, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***